TIMOTHY A. LUKAS, ESQ.
Nevada Bar No. 4678
**HOLLAND & HART LLP**
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000/Fax: (775) 786-7169
Email: ecflukast@hollandhart.com

*Attorney for SPROUT FINANCIAL LLC*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>BRIAN SEBASTIAN SCIARA<br><br>Debtor. | Case No. 23-13265-abl<br>Chapter 11 |
| SPROUT FINANCIAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SEBASTIAN SCIARA,<br><br>Defendant. | **Adv. No.** 23- _____<br><br>**COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT AND DENIAL OF DISCHARGE** |

Plaintiff Sprout Financial LLC, ("Sprout" or "Plaintiff") by and through its attorneys of record, Holland & Hart LLP, files this Complaint objecting to the dischargeability of certain debts of Brian Sebastian Sciara ("Sciara" or "Defendant") and respectfully alleges, upon knowledge, information, and belief, as follows:

## **PARTIES**

1.      Sprout Financial LLC is a Delaware limited liability company with its principal place of business in Phoenix, Arizona.

2.      Brian Sebastian Sciara is a resident of Las Vegas, Nevada and the Debtor in the above referenced matter.

1

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000/Fax: (775) 786-6179

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000/Fax: (775) 786-6179

## JURISDICTION AND VENUE

3.     This adversary proceeding is one under, arising out of and/or related to Sciara's bankruptcy case, Case No. 23-13265-abl.

4.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 157 and 1334(b).

5.     This action is brought as an adversary proceeding pursuant to Rule 7001(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") related to the bankruptcy case pending before this Court.

6.     This Court has the jurisdiction and power both to enter a money judgment in Plaintiffs' favor, as requested herein, and to declare that that judgment is non-dischargeable.

7.     This is a core proceeding under 28 U.S.C. § 157 (a), (b)(1), (b)(2)(I), and (b)(2)(J).

8.     This Court has personal jurisdiction over the Debtor.

9.     Venue within the District of Nevada is proper under 28 U.S.C. §§ 1408 and 1409(a).

## GENERAL ALLEGATIONS

10.     On September 19, 2019, Sprout filed a complaint against Sciara and other defendants in the Superior Court of the State of Arizona in and for the County of Maricopa, Case No. CV 2019-011501 ("Arizona Action").  A true and correct copy of the Arizona Action is attached hereto as Exhibit 1 and its allegations are incorporated herein by reference.

11.     The Arizona Action and Sciara Action were ultimately consolidated by order of the United States District Court, District Nevada entered on March 10, 2021 ("Consolidated USDC Action") and have proceed since then under Case No. 2:18-cv-01700-DJA.  A true and correct copy of the order of consolidation is attached hereto as Exhibit 2.

12.     Discovery closed in the Consolidated USDC Action on April 27, 2023, and Campbell filed a partial motion for summary judgment on liability only on Mary 23, 2023, and it was fully briefed to the court.  No other dispositive motions were filed in the case.

2

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000/Fax: (775) 786-6179

13.     On August 4, 2023 (the "Petition Date"), the Debtor commenced this bankruptcy case ("Bankruptcy Case") by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code")).

14.     The United States District Court issued a Minute Order in the Consolidated State Court Action on September 7, 2023, dismissing the pending motion for partial summary judgment and dismissal of Sciara's claim without prejudice with leave to refile pending further order of Sciara's bankruptcy court.  *See* **Exhibit 3**.

15.     Sciara claims and lists Sprout as an unsecured creditor with a disputed claim. Conversely, Sprout believes it has claims against Sciara that are in whole or in part not subject to discharge under 11 U.S.C. § 523(a)(2), (4) and/or (6).

**FIRST CLAIM FOR RELIEF**

**(11 U.S.C. § 523(a)(2) – Non-Dischargeable Debt)**

16.     Sprout hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

17.     Sciara owes a debt to Sprout for money, property, services, or an extension, renewal, or refinancing of credit obtained by a false representation, as set forth in 11 U.S.C. § 523(a)(2)(A).

18.     Sciara, made material false representations—namely, that his business CapFund was generating over $100,000 per month in net income during the second quarter of 2016 and additional material false representations on several occasions from July 2016 to October 2016. *See also* Exhibit 1 at ¶'s 69-71 and 78-82.

19.     At the time Sciara made the false pretenses and/or false representations, he knew they were false and/or each representation was made with such reckless disregard for the truth as to constitute willful misrepresentation.

20.     Sciara made the false pretenses and/or false representations with the intent and purpose of deceiving Sprout.

21.     Sprout justifiably relied on the false pretenses and/or false representations made by Sciara.

3

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000/Fax: (775) 786-6179

22.     Sprout sustained a loss or damage as the proximate consequence of each such representation having been made of making excessive payments to Sciara well in excess of $720,000.

23.     Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge will not apply to an individual debtor for a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

24.     This conduct violates 11 U.S.C. § 523(a)(2)(A) and, therefore, Sciara's indebtedness to Sprout constitutes a non-dischargeable debt.

## SECOND CLAIM FOR RELIEF

### (In the Alternative, 11 U.S.C. § 523(a)(4) – Non-Dischargeable Debt)

25.     Sprout hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

26.     Sciara contends that he has an ownership interest in Sprout which Sprout strongly denies.  However, in the event Sciara is correct in his claim of a partial ownership in Sprout, this claim is brought in the alternative to address Sciara's fraudulent conduct if such a partial ownership position in Sprout is adjudicated as being true.

27.     Sciara owed Sprout a fiduciary duty by virtue of his membership interest in Sprout.

28.     Sciara is liable to Sprout for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" within the meaning of 11 U.S.C. § 523(2)(4).

29.     At the time Sciara made the false pretenses and/or false representations, he knew they were false and/or each representation was made with such reckless disregard for the truth as to constitute willful misrepresentation.

30.     Sciara made the false pretenses and/or false representations with the intent and purpose of deceiving Sprout.

31.     Sprout justifiably relied on the false pretenses and/or false representations made by Sciara.

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000/Fax: (775) 786-6179

32.     Sprout sustained a loss or damage as the proximate consequence of each such representation having been made of making excessive payments to Sciara well in excess of $720,000.

33.     Pursuant to 11 U.S.C. § 523(a)(4), a discharge will not apply to an individual debtor for a debt for incurred for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

34.     This conduct violates 11 U.S.C. § 523(a)(4) and, therefore, Sciara's indebtedness to Sprout constitutes a non-dischargeable debt.

### THIRD CLAIM FOR RELIEF

#### (11 U.S.C. §523(6) – NON-DISCHARGEABLE DEBT)

35.     Plaintiff hereby incorporates each and every allegation in the foregoing paragraphs as if fully set forth herein.

36.     The actions of Sciara were made with the intent to injure Sprout. *See also* Exhibit 1 at ¶'s 61-67.

37.     As a proximate result of Sciara's willful and malicious actions, Sprout sustained in damages in excess of $2 million.

38.     This conduct violates 11 U.S.C. § 523(a)(6) and, therefore, Sciara's indebtedness to Sprout constitutes a non-dischargeable debt.

///

///

5

HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Tel: (775) 327-3000/Fax: (775) 786-6179

## PRAYER FOR RELIEF

WHEREFORE, Sprout prays for relief as follows:

(1)    An order declaring that the amounts owed to Sprout are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) and (6) and/or in the alternative 523(a)(4);

(2)    An award of attorney's fees and costs as appropriate; and

(3)    For such other and further relief as the Court may deem just and proper.

DATED this _____ day of November, 2023.

**HOLLAND & HART LLP**

By: /s/ Timothy A. Lukas
      Timothy A. Lukas, Esq.
      5441 Kietzke Lane, Suite 200
      Reno, NV 89511
      (775) 327-3000
      ecflukast@hollandhart.com
      Attorneys for Sprout Financial LLC

30843936_v1

6