Terri H. Didion, Assistant United States Trustee                    E-Filed:  June 3, 2024
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email:  *edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel:  (702) 388-6602
Attorneys for the United States Trustee for Region 17
          TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re <br><br> BRIAN SEBASTIAN SCIARA, <br><br><div align=right>Debtor.</div> | Case No. BK-S-23-13265-ABL <br> Chapter 11 <br><br> Date:  June 17, 2024 <br> Time:  1:30 p.m. <br> Place: Telephonic, ABL Courtroom 1 |

**OBJECTION AND RESERVATION OF RIGHTS OF THE U.S. TRUSTEE TO THE APPLICATION FOR EMPLOYMENT AND RETENTION OF MORTENSON AND RAFIE LAW FIRM AS ATTORNYS FOR DEBTOR-IN-POSSESSION [ECF NO. 62]**

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files her objection (the "Objection") to the *Application For Employment and Retention of Mortenson and Rafie Law Firm as Attornys for Debtor-In-Possession* [ECF No. 62] (the "Application") filed by Brian Sebastian Sciara ("Debtor") to employ Mortenson and Rafie Law Firm ("MR") as counsel to the Debtor.[1]

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP 9017 and FRE 201. To the extent that this Motion contains factual assertions predicated upon statements made by Debtor, his agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

1

**INTRODUCTION**

The Court should deny the Application to employ MR as Debtor's bankruptcy counsel because MR has received unauthorized post-petition transfers from the Debtor which are avoidable pursuant to Section 549 and therefore MR cannot meet the requirements to be employed as an estate professional.   In addition, neither Debtor nor MR carries their burden to show that the terms and conditions of employment are reasonable or that MR's employment should be approved as of the petition date.

Consistent with her independent duties, the U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court, including to object to any fee applications filed by or on behalf of MR in this case.

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**BACKGROUND FACTS**

1.      On August 4, 2023, Debtor filed a voluntary petition as a small business debtor under Chapter 11 of the Bankruptcy Code commencing this case.  [*See* ECF No. 1, p. 4 of 24; ¶13].[2]

2.      The Section 341 meeting of creditors was held and concluded.  [*See* ECF No. 5, 24, 28 & 35].

3.      No trustee or official committee has been appointed in this case.  [*See generally* case docket].

4.      Through the Application, Debtor seeks to employ MR as counsel for the Debtor pursuant to Section 327(a) "according to the terms and conditions of the Retainer Agreement" to represent the Debtor in a state court matter, an adversary proceeding, and to "advise and represent the Debtor with regard to collecting various accounts receivable and the recovery and liquidation of

---

[2] As of the date this Objection was filed, the case has been pending for 304 days.

estate assets, and to assist in the protection and preservation of same when necessary." [*See* ECF No. 62, pp. 1 & 3-4 of 6; ECF No. 62-3, p. 2 of 2].

5.      Debtor seeks to employ MR "from the date of the petition forward". [*See* ECF No. 62, p. 6 of 6; lines 6-7]. The Application was filed on May 13, 2024, more than nine (9) months after the petition date of August 4, 2023. [*See* ECF Nos. 1 & 62].

6.      The Application is supported by the declaration of Peter Mortenson ("Mortenson Decl.") and includes the Retainer Agreement between MR and Debtor, dated March 8, 2024. [*See* ECF Nos. 62 (Application), 62-1 (Mortenson Decl.), and 62-2 (Retainer Agreement)].[3]

7.      The Application provides that MR received $3000 from the Debtor on April 22, 2024, which it holds in trust, and will be paid an additional $2,000 on May 22, 2024. [*See* ECF No. 62, pp. 2-3 of 6; ECF no. 62-1, p. 2 of 4; ¶7].[4]

8.      The Retainer Agreement contains hourly rates, including for law clerks, a post-petition retainer payment to MR, an 18% late fee provision, and the ability to recover attorney fees incurred in proceedings to collect on overdue fee balances. [*See* ECF No. 62-2, p. 1 of 2].

## ARGUMENT

**A.      *MR received one, and possibly two, post-petition transfers that were not authorized by the Court, and therefore has a conflict and cannot be employed.***

9.      The requirements for employment of a professional person seeking authorization to represent the bankruptcy estate under Section 327 are:

> [e]xcept as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

---

[3] The Retainer Agreement contains Debtor's full birth date and should be redacted under L.R. 9037. [*See* ECF No. 62-2, p. 2 of 2].

[4] MR has not filed a declaration concerning the compensation it received in the year before this case was filed, as required by FRBP 2016, nor has it filed a supplemental declaration to indicate whether the $2,000 was paid to MR on May 22, 2024. [*See generally* case docket].

3

10.     At a minimum, a professional desiring to serve in a bankruptcy case must meet three criteria.

11.     First, the professional must "not hold or represent an interest adverse to the estate." 11 U.S.C. § 327(a).  A generally accepted definition of "adverse interest" is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a predisposition under circumstances that create a bias against the estate.  *In re AFI Holding, Inc.*, 355 B.R. 139, 148-49 (B.A.P. 9th Cir. 2006), *aff'd* 530 F.3d 832 (9th Cir. 2008) (citation omitted).

12.     "An actual conflict exists if there is 'an active competition between two interests, in which one interest can only be served at the expense of the other.'"  *In re Git-N-Go, Inc.*, 321 B.R. 54, 58 (Bankr. N.D. Okla. 2004) (citing *In re BH&P, Inc.*, 103 B.R. 556, 563 (Bankr. D.N.J. 1989), *aff'd in pertinent part.* 119 B.R. 35 (D.N.J. 1990)).

13.     Second, the applicant seeking to serve as a professional in a bankruptcy case must be "disinterested."  The Code defines "disinterested person" as one who "is not a creditor, an equity security holder, or an insider" and who "does not have an interest materially adverse to the interest of the estate . . . . [because of] any direct or indirect relationship to, connection with, or interest in the debtor . . . . or for any other reason."  11 U.S.C. §§ 101 (14) (A) & (C).

14.     While there is substantial overlap between the two prongs of the test set forth in Section 327(a), both prongs must be satisfied.  *In re Tevis*, 347 B.R. 679, 687-88 (B.A.P. 9th Cir. 2006)(citing *In re Mehdipour*, 202 B.R. 474, 478 (B.A.P. 9th Cir. 1996).  The disinterestedness provision of § 327(a) is mandatory.  It is stricter than the conflict of interest provisions in the Nevada Rules of Professional Conduct because § 327(a) does not allow for the waiver of conflicts of interest.  *See S.S. Retail Stores Corp.*, 211 B.R. 699, 703 (B.A.P. 9th Cir. 1997); *compare* Nevada Rules of Professional Conduct, Rule 1.7(b)(4).

15.     "Together, the statutory requirements of disinterestedness and no adverse interest to the estate 'serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their

fiduciary responsibilities.'" *In re Crivello*, 134 F.3d 831, 836 (7th Cir.1998), (quoting in part *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir.1994)).

16. Third, the statute provides that a trustee, with the "approval" of the bankruptcy court "may" appoint professional persons who are disinterested and have no adverse interest, creating a third criterion, namely that a bankruptcy judge approve the person seeking appointment.

17. The permissive language in the statute makes clear that courts can deny appointment on additional grounds. The Code's language is broad enough that a bankruptcy court may exclude a professional with any connection that "would even faintly color the independence and impartial attitude required by the Code." *See In re AFI Holding*, 530 F.3d 832, 838 (9th Cir. 2008) (citation omitted).

18. "If it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation, then they have a conflict and an interest adverse to the estate." *In re Git-N-Go, Inc.*, 321 B.R. 54, 58 (Bankr. N.D. Okla. 2004) (citing *In re The Leslie Fay Cos.*, 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994)).

19. Section 327(a) establishes a comprehensive scheme under which debtors in possession must ask court permission to retain professional persons. Creditors, parties in interest, and the U.S. Trustee may object, and after determining that a professional can comply with the statutory requirements, the Court may approve or deny the application if the court determines that employment is in the best interests of the estate. 11 U.S.C. §327(a). The purpose of Section 327(a) is to ensure impartiality in bankruptcy representation. *In re Prince*, 40 F.3d 356, 360 (11th Cir. 1994).

**B.    Unresolved avoidable transfers under Section 549(a) preclude employment**

20. Section 549(a) provides that a trustee may avoid a post-petition transfer that is not authorized by the Code or this Court.

21. Other than certain exceptions that are not applicable here, the Debtor as debtor in possession has the same responsibilities as a trustee. *See* 11 U.S.C. § 1107(a).

22. The Code only allows use of estate property outside the ordinary course of Debtor's business after notice and a hearing. *See* 11 U.S.C. § 363(b)(1).

5

23.     Debtor has not moved for, nor been given leave by this Court, to transfer estate assets to MR pursuant to Section 363(b)(1).  [*See generally*, case docket].

24.     Accordingly, the moneys transferred to MR by Debtor are avoidable and MR possesses an adverse interest to the estate because the Debtor's duty to avoid the transfer to MR, as a fiduciary to his estate, creates an actual dispute in which the estate is a rival claimant.  *See In re AFI Holding, Inc.*, 355 B.R. at 148-49.

25.     "Unresolved avoidance actions preclude employment of the involved professional." *In re Par 5 Prop. Invs., LLC*, No. 21-22404-A-11 MF-2, UST-2, 2022 Bankr. LEXIS 3045, at *25 (Bankr. E.D. Ca. Oct. 26, 2022).

**C.     The Application cannot be granted under Section 327(e) because MR's services to be rendered include conducting the case.**

26.     Section 327(e) allows the employment of professionals that have previously represented the debtor for a specified special purpose, other than to represent it in conducting the case.[5]  *See* 11 U.S.C. § 327(e).

27.     The "services to be rendered" by MR, as set forth in the Application, include to "advise and represent the Debtor with regard to collecting various accounts receivable and the recovery and liquidation of estate assets, and to assist in the protection and preservation of same when necessary."  [*See* ECF No. 62, p. 4 of 6; ¶V(c)].

28.     The prohibition against "conducting the case" may include "assisting with formulating and negotiating a plan and disclosure statement, assisting the trustee with investigating and objecting to claims, liquidating the estate, and other matters that are 'tantamount to representing the debtor in the conduct of the case.'"  *In re Thrush Aircraft, Inc.*, No. 19-10976-AEC, 2020 Bankr. LEXIS 926, at *6 (Bankr. M.D. Ga. Mar. 31, 2020 (quoting *In re Tidewater Mem'l Hosp.*, 110 B.R. 221, 228 (Bankr. E.D. Va. 1989)).  *See also In re Running Horse, L.L.C.*, 371 B.R. 446, 453 (Bankr. E.D. Cal. July 10, 2007 ("The term 'conducting the case' is not defined in the Bankruptcy Code. However, the

---

[5] Section 327 discusses the "trustee," however, in the context of retaining estate professionals that term includes debtors-in-possession such as the Debtor.  *See* 11 U.S.C. § 1107(a).

6

term has been recognized to include matters related to formulation of a chapter 11 plan, and/or liquidation of the debtor's assets.").

29.    Although the Application seeks Section 327(a) relief, any attempts to seek relief under the standard set forth in Section 327(e) should be denied because the services to be rendered include conducting the case.

**D.    The Court should deny the Application because MR has not carried its burden of establishing the reasonableness of terms and conditions for retention and compensation**

30.    Neither the Application nor the proposed form of order specially invokes Section 328(a) as a basis for relief, but the relief requested in Application includes authorization to employ and retain MR "according to the terms and conditions of Retainer Agreement." [*See* ECF No. 62, p. 3 of 6].

31.    Section 328 only provides the possible basis for approval of terms of compensation. *See generally In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).  To secure such approval, the movant must unambiguously invoke Section 328 in its retention application.  *Id.* at 674.

32.    The proponent of the Application bears the burden of establishing that the terms and conditions sought pursuant to Bankruptcy Code Section 328 are reasonable.  *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). *See also In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.")

33.    Here, for several reasons, MR has not carried its burden of establishing the reasonableness of its proposed terms and conditions for employment and compensation. MR has not providence, or otherwise established, *inter alia*, why it is entitled to a post-petition retainer, an 18% late fee, or attorney fees incurred in fee disputes.

34.    "It is a 'bedrock principle' of American law that '[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" *Zurich Am. Ins. Co. et al. v. Team Tankers A.S. et al.*, 811 F.3d 584, 590 (2d Cir. 2016) (quoting *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164, 192 L. Ed. 2d 208 (2015)).  *Broker Genius, Inc. v. Seat Scouts*

7

*LLC*, 2018 U.S. Dist. LEXIS 81185 at pp. *20-*21 (S.D. N.Y. May 14, 2018). Any provision concerning the award of fees-on-fees is prohibited under the *ASARCO* decision and should be disallowed.

35.     Accordingly, the proponent of the Application does not carry its burden to establish that terms of retention are reasonable.

**E.      The Court should deny the request for *nunc pro tunc* employment.**

36.     The Application provides that MR will be employed as of the petition date, which occurred more than nine (9) months before the Application was filed. [*See* ECF No. 62, p. 6 of 6].

37.     The U.S. Supreme Court decision in *Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696 (2020) held that:

> Federal courts may issue *nunc pro tunc* orders, or "now for then" orders, Black's Law Dictionary, at 1287, to "reflect[ ] the reality" of what has already occurred, *Missouri v. Jenkins*, 495 U. S. 33, 49, 110 S. Ct. 1651, 109 L. Ed. 2d 31 (1990). "Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court." *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U. S. 376, 390, 32 S. Ct. 277, 56 L. Ed. 476 (1912).
>
> Put colorfully, "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact." *United States v. Gillespie*, 666 F. Supp. 1137, 1139 (ND Ill. 1987). Put plainly, the court "cannot make the record what it is not." *Jenkins*, 495 U. S., at 49.

*Id.* at 700-01.

38.     The Application provides no explanation as to why a request to back date MR's date of employment to nine months before the Application was filed is appropriate or can be granted without violating *Feliciano*.

### CONCLUSION

39.     For the reasons set forth herein, the Application should be denied.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Application.

Dated: June 3, 2024

TRACY HOPE DAVIS
UNITED STATES TRUSTEE, REGION 17
By:     */s/ Edward M. McDonald Jr.*
Edward M. McDonald Jr., Esq., Trial Attorney