Terri H. Didion, Assistant United States Trustee          E-Filed:  July 8, 2024
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email: *edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel:  (702) 388-6602
Attorneys for the United States Trustee for Region 17
  TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br> BRIAN SEBASTIAN SCIARA,<br><br>      Debtor. | Case No. 23-13265-ABL<br>Chapter 11<br><br>Date: August 21, 2024<br>Time: 1:30 p.m.<br>Place: Telephonic, ABL Courtroom 1<br>Tel:  (833) 435-1820<br>Meeting ID:  161 110 6049, Passcode:  154251# |

**DECLARATION OF ALISA WONGVASINKUL IN SUPPORT OF THE
MOTION OF THE U.S. TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b), AND FEDERAL
RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014,
<u>TO CONVERT OR DISMISS CHAPTER 11 CASE, AND RESERVATION OF RIGHTS</u>**

I, Alisa Wongvasinkul, declare as follows:

1. I am employed as a Bankruptcy Auditor in the Las Vegas, Nevada office of the United States Trustee, Region 17 ("U.S. Trustee").  I am the Bankruptcy Auditor assigned to above-captioned chapter 11 case. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge. To the extent I base my testimony upon information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

2. The U.S. Trustee is an official of the U.S. Department of Justice, charged by statute with the duty to oversee and supervise the administration of bankruptcy cases and take action to ensure that all reports, schedules, and fees required by Title 11 of the U.S. Code are properly and

timely filed pursuant to 28 U.S.C. § 586. As part of my duties as a Bankruptcy Auditor, I am responsible for the supervision of Chapter 11 cases in the Office of the U.S. Trustee, Region 17. This supervision includes: monitoring chapter 11 cases; reviewing petitions, schedules, statements and related documents, and pleadings filed by a Chapter 11 debtor and other parties in interest; conducting Initial Debtor Interviews and requesting documents related to the Interview; reviewing pre-confirmation Monthly Operating Reports ("MORs"); reviewing post-confirmation Quarterly Operating Reports ("PCRs"); monitoring plans and disclosure statements; and other such actions as the U.S. Trustee deems appropriate.

3.      This declaration is in support of the *Motion of the U.S. Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case, and Reservation of Rights* and is based upon facts of which I have personal knowledge, as well as facts subject to judicial notice, such as filing dates, apparent from the Court's records in this proceeding. This declaration is made in my official capacity as a representative of the U.S. Trustee, without waiving the attorney-client privilege or the work-product privilege.

4.      Based on my review of the petition filed by the captioned debtor Brian Sebastian Sciara ("Debtor"), indicated that he was a small business debtor and was not proceeding under Subchapter V.  [*See* ECF No. 1, p. 4 of 24; #13].

5.      Debtor signed a declaration under penalty of perjury stating that he is the sole owner, manager and member of Funded, LLC. [*See* ECF No. 1, p. 24 of 24].

6.      Based upon my calculations, the first business day that is 300 days after the August 4, 2023, petition date in this case is May 30, 2024.

7.      Based upon my review of the Court's official ECF docket in the above-captioned case, Debtor has not filed a disclosure statement of plan, or a request for an extension of the deadline to file a disclosure statement and plan.  [*See generally* case docket].

8.      Based upon my review of the Debtor's petition, schedules, statement of financial affairs ("SOFA"), as amended, the Debtor lists the following assets and secured debts:

| Asset/Value | Claimed Exempt | Secured Claim |
|---|---|---|
| 712 Pont Chartrain Drive, Las Vegas, NV 89145 $1,5000,000 [ECF No. 34, p. 4/26; #1] | $605,000 [ECF No. 34, p. 10/26] | $92,415 (I.R.S.) [ECF No. 21, p. 4/15; #2.1] $775,000 (U.S. Bank.) [ECF No. 21, p. 5/15; #2.3] |
| BMW $15,000 [ECF No. 34, p. 5/26; #3.1] | $15,000 [ECF No. 34, p. 10/26] | n/a |
| Porsche $50,000 [ECF No. 34, p. 5/26; #3.2] | n/a | $65,000 (Pentagon F.C.U.) [ECF No. 21, p. 5/15; #2.2] |
| Household Goods/Furnishings $8,000 [ECF No. 34, p. 5/26; #6] | $8,000 [ECF No. 34, p. 10/26] | n/a |
| Electronics $500 [ECF No. 34, p. 5/26; #7] | $500 [ECF No. 34, p. 11/26] | n/a |
| Firearms $850 [ECF No. 34, p. 5/26; #10] | $850 [ECF No. 34, p. 11/26] | n/a |
| Clothing $1,000 [ECF No. 34, p. 6/26; #11] | $1,000 [ECF No. 34, p. 11/26] | n/a |
| Jewelry $10,000 [ECF No. 34, p. 6/26; #12] | $10,000 [ECF No. 34, p. 11/26] | n/a |
| Money Deposits $11,415 [ECF No. 34, p. 6/26; #17] | $9,650 [ECF No. 34, p. 11/26] | n/a |
| Financial Accounts (Value: see above) • Chase Bus. Checking x8783 • BoA Bus. Checking x8829 • Chase Pers. Checking x0180 • Chase Bus. Checking x7770 • Chase Bus. Checking x7698 • Chase Bus. Checking x5575 • BoA Pers. Checking x9443 • U.S. Bank Checking x5859 • Chase Savings x3357 • BoA Savings x2773 [ECF No. 34, p. 6/26; #17] | (See above). [ECF No. 34, p. 11/26] | n/a |
| Capfund Enterprises Inc Unknown Funded, LLC $0 [ECF No. 34, p. 7/26; #19] | n/a | n/a |
| Legal Claims $656,818 [ECF No. 34, p. 8/26; #33] | n/a | n/a |
| Accounts Receivable $50,000 [ECF No. 34, p. 8/26; #38] | n/a | n/a |

| Asset/Value | Claimed Exempt | Secured Claim |
|---|---|---|
| Office Equipment      $1,000<br>[ECF No. 34, p. 8/26; #39] | $1,000<br>[ECF No. 34, p. 11/26] | n/a |

9.     Based on my calculations, the only value in the assets listed above that is not wholly encumbered or claimed as exempt are:  (a) $27,585 of 712 Pont Chartrain, Las Vegas, NV 89145; (b) $1,765 of the deposits in Debtor's accounts; (c) the value of the Debtor's companies (Capfund Enterprises Inc and Funded, LLC); (d) the Legal Claims valued at $656,818; and, (e) the accounts receivable for $50,000.

10.     Based on my review of the Court's official ECF docket in the above-captioned case, Debtor filed an MOR for August 2023 on May 8, 2024, which was filed approximately 230 days late, and which he amended on May 29, 2024.  [*See* ECF Nos. 61 & 67].   Based on my review of the Court's official ECF docket in the above-captioned case, Debtor filed an MOR for September 2023 on May 30, 2024, which was filed approximately 222 days late.  [*See* ECF No. 68].

11.     Based on my review of the Court's official ECF docket in the above-captioned case, Debtor has failed to file MORs for the 7 months of October 2023 through May 2024, which are past due.  [*See generally* case docket].

12.     Based on my review of the MORs forms filed by Debtor, they require Debtor to attach the underlying bank accounts.  [*See, e.g.*, ECF No. 68, p. 4 of 16; ¶38].

13.     None of the MORs filed by the Debtor have the underlying account statements attached as support, even though the MORs reference accounts at Chase, and Debtor's schedules list numerous business and personal accounts.  [*See* ECF Nos. 34, 61, 67 & 68].

14.     On June 12, 2024, I emailed Debtor's counsel and pointed what appear to be accounting mistakes in the MORs, the missing accounts statements, and Debtor's failing to file all required MORs.  Also counsel acknowledged receipt of my email, the issues I identified were not addressed in amended MORs, and Debtor filed no subsequent MORs.

15.     On July 5, 2024, I accessed the Chapter 11 Quarterly Fee Information and Collection System ("FICS"), which calculates quarterly fees based on the Debtors' PCR disbursements.

16.     I ran the current Account Reconciliation report for this case, which reports estimated fees of $250 will be past due after July 31, 2024.

17.     Because Debtor has failed to file MORs for October 2023 through May 2024, the U.S. Trustee cannot calculate the precise amount of quarterly fees due. The Debtor's quarterly disbursements are required for this calculation and are part of the information set forth in the MORs. The quarterly fees are estimated due to the Debtor's failure to file the MORs referenced herein.

18.     Since all required MORs have not been filed by the Debtor, the estimated quarterly fees $250 may be understated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2024.

_/s/ Alisa Wongvasinkul_____
Alisa Wongvasinkul
Bankruptcy Auditor for the
U.S. Trustee, Region 17