Terri H. Didion, Assistant United States Trustee          E-Filed:  July 8, 2024
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email: *edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel:  (702) 388-6602
Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>  BRIAN SEBASTIAN SCIARA,<br><br>                                      Debtor. | Case No. 23-13265-ABL<br>Chapter 11<br><br>Date:   August 21, 2024<br>Time:  1:30 p.m.<br>Place: Telephonic, ABL Courtroom 1<br>Tel:  (833) 435-1820<br>Meeting ID:  161 110 6049, Passcode:  154251# |

**NOTICE OF HEARING ON MOTION OF THE U.S. TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE, <u>AND RESERVATION OF RIGHTS</u>**

**PLEASE TAKE NOTICE** that on the above-stated date and time, the United States Bankruptcy Court, at the Foley Federal Building, 300 Las Vegas Boulevard South, Third Floor, Courtroom #1, Las Vegas, Nevada 89101, **<u>will entertain by telephonic appearance at Telephone Number:  (833) 435-1820; Meeting I.D.:  161-110-6049;  Code: 154251#</u>** the *Motion of the U.S. Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case, and Reservation of Rights.*

That Motion seeks conversion to Chapter 7 or dismissal of the above captioned debtor's case pursuant to 11 U.S.C. § 1112(b).

Oppositions to the motion, if any, must be filed and service must be completed on the United States Trustee no later than 14 days before the hearing date on the motion.

The opposition must set forth all relevant facts and any relevant legal authority. To the extent an opposition raises a question of fact for resolution by the court or includes documents exhibits, such an opposition must be supported by affidavit or declaration that conforms to the provisions of LR 9014(c).

**The opposition must be served upon the United States Trustee at email address: edward.m.mcdonald@usdoj.gov** . A copy of the motion may be obtained by requesting a copy in writing from the Office of the United States Trustee at the same address.

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

- The court may *refuse to allow you to speak* at the scheduled hearing; and
- The court may *rule against you* without formally calling the matter at the hearing.

Dated:  July 8, 2024                   Respectfully submitted,
 Las Vegas, Nevada

                                       Tracy Hope Davis
                                       United States Trustee, Region 17

                                       By:   */s/ Edward M. McDonald Jr.*
                                              Edward M. McDonald Jr.
                                              Trial Attorney

Terri H. Didion, Assistant United States Trustee                           E-Filed:  July 8, 2024
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email: *edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel:  (702) 388-6602
Attorneys for the United States Trustee for Region 17
        TRACY HOPE DAVIS

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>            Debtor. | Case No. 23-13265-ABL<br>Chapter 11<br><br>Date:   August 21, 2024<br>Time:  1:30 p.m.<br>Place: Telephonic, ABL Courtroom 1<br>Tel:  (833) 435-1820<br>Meeting ID:  161 110 6049, Passcode:  154251# |
| --- | --- |

**MOTION OF THE U.S. TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE, AND RESERVATION OF RIGHTS**

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby brings the *Motion of the U.S. Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case, and Reservation of Rights* (the "Motion").

### INTRODUCTION

"Cause" exists to convert this case to Chapter 7 or dismiss it pursuant to Section 1112(b) because Brian Sebastian Sciara ("Debtor"):  (a) has failed to timely file all required monthly operating reports ("MORs"); and, (b) has failed to file a plan within the time set by the Bankruptcy

1

Code. For these reasons, the U.S. Trustee has established cause to convert or dismiss this case pursuant to Section 1112(b). [1]

Accordingly, the U.S. Trustee requests that the Court enter an order granting the Motion and converting this case to Chapter 7, or, in the alternative, dismissing this case.

Consistent with her independent duties, the U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court.

The Motion is supported by the following Memorandum of Points and Authorities, and by the declaration of Alisa Wongvasinkul ("Wongvasinkul Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### JURISDICTION AND VENUE

1.      The Bankruptcy Court has original and exclusive jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Court also has subject matter jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under Section 1112 constitutes a civil proceeding arising under the Bankruptcy Code.

2.      Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The filing of a motion pursuant to FRBP 1017(f)(1) initiates a contested matter governed by FRBP 9014.

3.      Venue of Debtor's bankruptcy case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The U.S. Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014. *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In*

---

[1] Unless otherwise noted: "Section" refers to a section of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP 9017 and FRE 201. To the extent that this Motion contains factual assertions predicated upon statements made by Debtor, his agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

2

*re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000).   The U.S. Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

BACKGROUND FACTS AND PROCEDURAL POSTURE

5.      On August 4, 2023, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code commencing this case.  Debtor indicated on his petition that he was a small business debtor and close not to proceed under Subchapter V.  [*See* ECF No. 1, p. 4 of 24; #13].

6.      The Section 341 meeting of creditors was held and concluded. [*See* ECF Nos. 5, 24, 28, & 35].

7.      No trustee or official committee has been appointed in this case.  [*See generally* case docket].

8.      Debtor has only filed MORs for the months of August 2023 and September 2023. [See ECF Nos. 61 & 67-68].  Debtor has failed to file MOR for the months of October 2023 through May 2024.  [*See generally* case docket; *see also* Wongvasinkul Decl.].

9.      The date 300 days after the August 4, 2023, petition date on was May 30, 2024.  [*See* Wongvasinkul Decl.].

10.     Debtor has failed to file a plan or disclosure statement or secure an extension to do so.  [*See generally* case docket; *see also* Wongvasinkul Decl.].

11.     On June 6, 2024, creditors MiCamp Holdings, LLC and MiCamp Solutions, LLC filed a motion to convert this case, which is scheduled for hearing on July 10, 2024.  [*See* ECF Nos. 71 & 74].  On June 7, 2024, Sprout Financial LLC filed a joinder to that motion to convert.  [*See* ECF No. 73].

ARGUMENT

**A.      Cause Exists Under 11 U.S.C. § 1112(b)(1) to Convert or Dismiss this Bankruptcy Case.**

12.     Section 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court

3

determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

13.     Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd*, 264 F.3d 803 (9th Cir. 2001).  The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under Section 1112(b).  *Id.*

14.     As movant, the U.S. Trustee bears the burden of establishing by a preponderance of the evidence that cause exists.  *See In re Sullivan,* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014).

15.     Where a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal or conversion is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate.  *See In re Sullivan*, 522 B.R. at 612.

**B.     Cause exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(F) because the Debtor has failed to timely file monthly operating reports.**

16.     "Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section 1112(b)(4) to include:  "(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter. . . ."  11 U.S.C. §§ 1112(b)(1) & (b)(4)(F).

17.     The Debtor has failed to file MORs for the period October 2023 through May 2024, which are past due.  [*See generally* case docket; *see also* Wongvasinkul Decl.].  MORs are required by the Bankruptcy Code and Rules.[2]  As other Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work."  Y*BA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted).  *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

---

[2] FRBP 2015(a)(6) requires small business debtors to file each month the periodic reports required under Section 308 and to file them by the 21st day of the month following the reporting period.  *See* 11 U.S.C. §308(b); Fed. R. Bankr. P. 2015 (a)(6).

18.    Of the MORs the Debtor did file, they were filed late and failed to attach the underlying bank account statements, as required in the instructions in the MORs themselves.  [*See* ECF No. 61,67 & 68; *see also* Wongvasinkul Decl.].

19.    Even if the Debtor was now to file the MORs that are past due, the Debtor's delay in filing would itself constitute cause to convert or dismiss this case under Section 1112(b).  Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement."  11 U.S.C. § 1112(b)(4)(F) (emphasis added).  *See In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

20.    Accordingly, there is cause to convert or dismiss this bankruptcy case, and the Court should enter an order dismissing the case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).[3]

**C.    Cause Exists Under 11 U.S.C. §1112(b)(4)(J) because the Debtor Failed to File a Plan and Disclosure Statement Within the Statutory Deadline Under Sections 1121(e) and 1129(e).**

21.    Under Section 1112(b)(4)(J), the "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court" is cause for dismissal or conversion. *Jonas v. Jonas*, 599 Fed. Appx. 803 (9th Cir. 2015); *Szanto v. United States Trustee (In re Szanto)*, 2015 LEXIS 151780 at *9-10 (D. Nev. Nov. 9, 2015);  *Labankoff v. United States Trustee (In re Labankoff)*, 2010 LEXIS 5083 at *10-12 (B.A.P.  9th Cir. June 14, 2010).

22.    In a small business case, the debtor must file a plan and disclosure statement within 300 days after the order for relief and confirm a plan that conforms to Section 1121(e) within 45 days thereafter, unless the deadlines are extended by an order signed before they expire.  *See* 11 U.S.C. §§ 1121(e) (2) and (3); 1129(e).  Under Section 1121(e)(3), this time "may be extended only if—(A) the debtor . . . demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time; (B) a new deadline is

---

[3] Because Debtor has failed to file 8 months of MORs, the U.S. Trustee can only estimate the quarterly fees that are due.  Debtor presently owes $250 in estimated quarterly, which may be understated.  [*See* Wongvasinkul Decl.].  To the extent the Debtor files additional MORs that indicate he owes additional quarterly fees that are past due, the U.S. Trustee reserves the right to supplement her Motion to add failure to pay quarterly fees as an additional 'cause.'  *See* 11 U.S.C. §1112(b)(4)(K).

imposed at the time the extension is granted; and (C) the order extending the time is signed before the existing deadline has expired."

23.     Here, Debtor failed to file a plan and disclosure statement within the statutory period or to seek Court leave to extend that period.  The last date for the debtor to file a plan and disclosure statement was May 30, 2024, and that date was not extended.  [*See generally* case docket; *see also* Wongvasinkul Decl.].

24.     Therefore, cause exists to convert or dismiss this case under section 1112(b)(4)(J).

**D.     Once cause is established, Debtor has the burden of establishing all elements of the statutory defenses available under 11 U.S.C. § 1112(b)(2).**

25.     Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1).  *Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013), citing *Tighe v. Celebrity Home Entm't, Inc. (In re Home Entm't, Inc.)*, 210 F.3d 995, 998 (9th Cir. 2000).  The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. §1112(b)(1).   For the exception to apply: (1) the Debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the Debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time.  *See Warren v. Young (In re Warren)*, 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015).  As noted, the Debtor bears the burden of proving unusual circumstances are present in the case that render dismissal or conversion is not in the best interest of creditors or the estate.  *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

26.     In addition to establishing unusual circumstances, the Debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B).  Section 1112(b)(2) provides:

. . . *and* the debtor or any other party in interest establishes that–

6

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)

(I) for which there exists a reasonable justification for the act or omission; *and*

(ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

27.     Importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *See In re Om Shivai, Inc.* 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

28.     The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

29.     Conversion of this case appears to be the more appropriate remedy.  Debtor appears to have assets that are not claimed as exempt and/or may not be fully exempt that could be liquidated to pay creditors, including companies named Capfund Enterprises Inc. and Funded, LLC, and $50,000 in accounts receivable.  [*See* ECF No. 34; *see also* Wongvasinkul Decl.].  In the alternative, the U.S. Trustee does not object to the Court dismissing this case if the Court ultimately determines that such relief is in the best interests of creditors and the estate.  *See Rand v. Porsche Fin. Servs. (In re Rand)*, No. AZ-10-1160-BaPaJu, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (internal citations omitted) (identifying ten factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under Section 1112(b)(1)).

/ / / /

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) converting this case to one under Chapter 7, or, in the alternative, dismissing this case, if the Court ultimately determines that such relief is in the best interests of the Debtors' creditors and the estate; and, (c) granting such other relief as is just under the circumstances.

Dated: July 8, 2024                        Tracy Hope Davis
                                           United States Trustee, Region 17

                                           By:   /s/ Edward M. McDonald Jr.
                                              Edward M. McDonald Jr., Trial Attorney

8

# EXHIBIT A

# PROPOSED FORM OF ORDER

Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email: *edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel:  (702) 388-6602
Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No. 23-13265-ABL |
|---|---|
| BRIAN SEBASTIAN SCIARA, | Chapter 11 |
| Debtor. | Date:  August 21, 2024<br>Time:  1:30 p.m.<br>Place: Telephonic, ABL Courtroom 1<br>Tel:  (833) 435-1820<br>Meeting ID:  161 110 6049, Passcode:  154251# |

## <u>ORDER CONVERTING CASE TO CHAPTER 7</u>

Based on the *Motion of the U.S. Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case, or, in the Alternative, to Establish a Deadline Pursuant to 11 U.S.C. § 105(d)(2)(B)(i) by which Debtor must file a Disclosure Statement and Plan, and Reservation of Rights* (the "Motion"), the Coleman declaration filed in support of the Motion, the hearing held on June 18, 2024 (appearances noted on the record), the Court having

stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil Procedure 52, with good cause having been shown,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and,

**IT IS FURTHER ORDERED** that this case is **CONVERTED TO CHAPTER 7**.

**IT IS SO ORDERED.**

Submitted by:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:  _/s/ Edward M. McDonald Jr._
    Edward M. McDonald Jr., Esq.
    United States Department of Justice
    Attorney for the United States Trustee

RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVE/DISAPPROVE | APPROVE/DISAPPROVE |
| --- | --- |
| _____<br><br>Mark W Patterson, Esq.<br>Patterson & Associates, Ltd.<br>8275 South Eastern Avenue, Suite 200<br>Las Vegas, NV 89123<br><br>*Counsel for the Debtor* | _____<br><br>Robert M. Charles, Jr., Esq.<br>Lewis Roca Rothgerber Christie LLP<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169<br><br>*Counsel for Creditors MiCamp Holdings, LLC and MiCamp Solutions, LLC* |

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

By:  */s/ Edward M. McDonald Jr.*
Edward M. McDonald Jr., Esq.
United States Department of Justice
Attorney for the United States Trustee

Terri H. Didion, Assistant United States Trustee          E-Filed:  July 8, 2024
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email: *edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel:  (702) 388-6602
Attorneys for the United States Trustee for Region 17
            TRACY HOPE DAVIS

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re | Case No. 23-13265-ABL<br>Chapter 11 |
| BRIAN SEBASTIAN SCIARA,<br><br>                              Debtor. | Date:  August 21, 2024<br>Time:  1:30 p.m.<br>Place: Telephonic, ABL Courtroom 1<br>Tel:  (833) 435-1820<br>Meeting ID:  161 110 6049, Passcode:  154251# |

**DECLARATION OF ALISA WONGVASINKUL IN SUPPORT OF THE
MOTION OF THE U.S. TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b), AND FEDERAL
RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014,
<u>TO CONVERT OR DISMISS CHAPTER 11 CASE, AND RESERVATION OF RIGHTS</u>**

I, Alisa Wongvasinkul, declare as follows:

1.      I am employed as a Bankruptcy Auditor in the Las Vegas, Nevada office of the United States Trustee, Region 17 ("U.S. Trustee").  I am the Bankruptcy Auditor assigned to above-captioned chapter 11 case. I have personal knowledge of the facts set forth herein, and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge. To the extent I base my testimony upon information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

2.      The U.S. Trustee is an official of the U.S. Department of Justice, charged by statute with the duty to oversee and supervise the administration of bankruptcy cases and take action to ensure that all reports, schedules, and fees required by Title 11 of the U.S. Code are properly and

timely filed pursuant to 28 U.S.C. § 586. As part of my duties as a Bankruptcy Auditor, I am responsible for the supervision of Chapter 11 cases in the Office of the U.S. Trustee, Region 17. This supervision includes: monitoring chapter 11 cases; reviewing petitions, schedules, statements and related documents, and pleadings filed by a Chapter 11 debtor and other parties in interest; conducting Initial Debtor Interviews and requesting documents related to the Interview; reviewing pre-confirmation Monthly Operating Reports ("MORs"); reviewing post-confirmation Quarterly Operating Reports ("PCRs"); monitoring plans and disclosure statements; and other such actions as the U.S. Trustee deems appropriate.

3.      This declaration is in support of the *Motion of the U.S. Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case, and Reservation of Rights* and is based upon facts of which I have personal knowledge, as well as facts subject to judicial notice, such as filing dates, apparent from the Court's records in this proceeding. This declaration is made in my official capacity as a representative of the U.S. Trustee, without waiving the attorney-client privilege or the work-product privilege.

4.      Based on my review of the petition filed by the captioned debtor Brian Sebastian Sciara ("Debtor"), indicated that he was a small business debtor and was not proceeding under Subchapter V.  [*See* ECF No. 1, p. 4 of 24; #13].

5.      Debtor signed a declaration under penalty of perjury stating that he is the sole owner, manager and member of Funded, LLC. [*See* ECF No. 1, p. 24 of 24].

6.      Based upon my calculations, the first business day that is 300 days after the August 4, 2023, petition date in this case is May 30, 2024.

7.      Based upon my review of the Court's official ECF docket in the above-captioned case, Debtor has not filed a disclosure statement of plan, or a request for an extension of the deadline to file a disclosure statement and plan.  [*See generally* case docket].

8.      Based upon my review of the Debtor's petition, schedules, statement of financial affairs ("SOFA"), as amended, the Debtor lists the following assets and secured debts:

| Asset/Value | Claimed Exempt | Secured Claim |
|---|---|---|
| 712 Pont Chartrain Drive, Las Vegas, NV 89145 $1,5000,000 [ECF No. 34, p. 4/26; #1] | $605,000 [ECF No. 34, p. 10/26] | $92,415 (I.R.S.) [ECF No. 21, p. 4/15; #2.1] $775,000 (U.S. Bank.) [ECF No. 21, p. 5/15; #2.3] |
| BMW $15,000 [ECF No. 34, p. 5/26; #3.1] | $15,000 [ECF No. 34, p. 10/26] | n/a |
| Porsche $50,000 [ECF No. 34, p. 5/26; #3.2] | n/a | $65,000 (Pentagon F.C.U.) [ECF No. 21, p. 5/15; #2.2] |
| Household Goods/Furnishings $8,000 [ECF No. 34, p. 5/26; #6] | $8,000 [ECF No. 34, p. 10/26] | n/a |
| Electronics $500 [ECF No. 34, p. 5/26; #7] | $500 [ECF No. 34, p. 11/26] | n/a |
| Firearms $850 [ECF No. 34, p. 5/26; #10] | $850 [ECF No. 34, p. 11/26] | n/a |
| Clothing $1,000 [ECF No. 34, p. 6/26; #11] | $1,000 [ECF No. 34, p. 11/26] | n/a |
| Jewelry $10,000 [ECF No. 34, p. 6/26; #12] | $10,000 [ECF No. 34, p. 11/26] | n/a |
| Money Deposits $11,415 [ECF No. 34, p. 6/26; #17] | $9,650 [ECF No. 34, p. 11/26] | n/a |
| Financial Accounts (Value: see above) • Chase Bus. Checking x8783 • BoA Bus. Checking x8829 • Chase Pers. Checking x0180 • Chase Bus. Checking x7770 • Chase Bus. Checking x7698 • Chase Bus. Checking x5575 • BoA Pers. Checking x9443 • U.S. Bank Checking x5859 • Chase Savings x3357 • BoA Savings x2773 [ECF No. 34, p. 6/26; #17] | (See above). [ECF No. 34, p. 11/26] | n/a |
| Capfund Enterprises Inc Unknown Funded, LLC $0 [ECF No. 34, p. 7/26; #19] | n/a | n/a |
| Legal Claims $656,818 [ECF No. 34, p. 8/26; #33] | n/a | n/a |
| Accounts Receivable $50,000 [ECF No. 34, p. 8/26; #38] | n/a | n/a |

| Asset/Value | Claimed Exempt | Secured Claim |
|---|---|---|
| Office Equipment        $1,000 [ECF No. 34, p. 8/26; #39] | $1,000 [ECF No. 34, p. 11/26] | n/a |

9. Based on my calculations, the only value in the assets listed above that is not wholly encumbered or claimed as exempt are:  (a) $27,585 of 712 Pont Chartrain, Las Vegas, NV 89145; (b) $1,765 of the deposits in Debtor's accounts; (c) the value of the Debtor's companies (Capfund Enterprises Inc and Funded, LLC); (d) the Legal Claims valued at $656,818; and, (e) the accounts receivable for $50,000.

10. Based on my review of the Court's official ECF docket in the above-captioned case, Debtor filed an MOR for August 2023 on May 8, 2024, which was filed approximately 230 days late, and which he amended on May 29, 2024.  [*See* ECF Nos. 61 & 67].   Based on my review of the Court's official ECF docket in the above-captioned case, Debtor filed an MOR for September 2023 on May 30, 2024, which was filed approximately 222 days late.  [*See* ECF No. 68].

11. Based on my review of the Court's official ECF docket in the above-captioned case, Debtor has failed to file MORs for the 7 months of October 2023 through May 2024, which are past due.  [*See generally* case docket].

12. Based on my review of the MORs forms filed by Debtor, they require Debtor to attach the underlying bank accounts.  [*See, e.g.*, ECF No. 68, p. 4 of 16; ¶38].

13. None of the MORs filed by the Debtor have the underlying account statements attached as support, even though the MORs reference accounts at Chase, and Debtor's schedules list numerous business and personal accounts.  [*See* ECF Nos. 34, 61, 67 & 68].

14. On June 12, 2024, I emailed Debtor's counsel and pointed what appear to be accounting mistakes in the MORs, the missing accounts statements, and Debtor's failing to file all required MORs.  Also counsel acknowledged receipt of my email, the issues I identified were not addressed in amended MORs, and Debtor filed no subsequent MORs.

15. On July 5, 2024, I accessed the Chapter 11 Quarterly Fee Information and Collection System ("FICS"), which calculates quarterly fees based on the Debtors' PCR disbursements.

16.     I ran the current Account Reconciliation report for this case, which reports estimated fees of $250 will be past due after July 31, 2024.

17.     Because Debtor has failed to file MORs for October 2023 through May 2024, the U.S. Trustee cannot calculate the precise amount of quarterly fees due. The Debtor's quarterly disbursements are required for this calculation and are part of the information set forth in the MORs. The quarterly fees are estimated due to the Debtor's failure to file the MORs referenced herein.

18.     Since all required MORs have not been filed by the Debtor, the estimated quarterly fees $250 may be understated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2024.

_/s/ Alisa Wongvasinkul_
Alisa Wongvasinkul
Bankruptcy Auditor for the
U.S. Trustee, Region 17

Page -5-