Jeanette E. McPherson, Esq., NV Bar No. 5423
FOX ROTHSCHILD LLP
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
Telephone:    702.262.6899
Facsimile:    702.597.5503
Email: JMcPherson@FoxRothschild.com
*Proposed Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA,<br><br>                                     Debtor. | Case No.  BK-S-23-13265-ABL<br><br>Chapter 7<br><br>**TRUSTEE'S EX PARTE APPLICATION TO EMPLOY COUNSEL UNDER GENERAL RETAINER**<br><br>Hearing Date:  N/A<br>Hearing Time: N/A |

Shelley D. Krohn, the Chapter 7 Trustee (the "Trustee"), appointed in the above-captioned bankruptcy case (the "Chapter 7 Case"), respectfully requests that the Court approve the employment of Fox Rothschild LLP pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr. P. 2014 as counsel for the Trustee.  This Application is also based upon the Declaration of Jeanette E. McPherson ("McPherson Declaration") filed concurrently with this Application and the following Points and Authorities.

**I.      BACKGROUND**

1.      Brian Sebastian Sciara (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on August 4, 2023 (the "Petition Date").

2.      On July 15, 2024, the Court entered an Order Granting Motion For Conversion of Small Business Case To Chapter 7 [ECF 96] ("Conversion Order").

3.      Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee in the Debtor's case.

**II.      JURISDICTION**

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

- 1 -

160934527.1

This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.    REPRESENTATION

5.    The Trustee has selected Fox Rothschild LLP on the basis of its expertise and experience in bankruptcy law matters and believes that Fox Rothschild LLP is well-qualified to assist the Trustee in this case.  Additionally, Fox Rothschild LLP has extensive capabilities in other areas of law that might arise in the connection with the Trustee's administration of this case. Further, Jeanette E. McPherson has extensive experience in the areas of insolvency, reorganization, related litigation, and bankruptcy law.  She is certified in business bankruptcy law by the American Board of Certification.  Jeanette E. McPherson has represented numerous debtors, trustees, creditors, unsecured creditors' committees, and other parties-in-interest, and is well qualified to act as attorney for the Trustee. Jeanette E. McPherson and Fox Rothschild LLP will serve as counsel to the Trustee and will provide, without limitation, some or all of the following legal services:

(a)    Advise Trustee with respect to rights, powers, and duties as trustee;

(b)    Assist in advising the Trustee in negotiating, reviewing, drafting documents and pleadings, and consummating any transactions contemplated during this Chapter 7 case;

(c)    Assist Trustee with review and resolution of claims asserted against the Debtor's estate, including claims objection and claims estimation proceedings;

(d)    Assist with any and all litigation necessary or appropriate to assert rights held by the Trustee or to defend or protect assets of the Debtor's estate; and

(e)    Advise and assist the Trustee with actions that she might take to collect and recover property for the benefit of the Debtor's estate.

6.    To the best of the Trustee's and Fox Rothschild LLP's knowledge, Fox Rothschild LLP is disinterested within the meaning of 11 U.S.C. § 101(14) in that Fox Rothschild LLP, its shareholders, counsel, and associates:

- 2 -

160934527.1

(a)    are not creditors, equity security holders, or insiders of the Debtor;

(b)    are not and were not, within two years before the date of the filing of the petition, a director, officer, or employee of Debtor;

(c)    do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

7.    Fox Rothschild LLP does not believe it represents any interest that is adverse to the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee in matters upon which it will be engaged as counsel. Fox Rothschild LLP will supplement its disclosures in the event further material connections are discovered regarding persons or entities that later become identified as parties in interest in this matter.

8.    Fox Rothschild LLP believes that it does not have any known connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee in matters upon which it will be engaged as counsel for the Trustee in this case, EXCEPT that:

(a)    Jeanette E. McPherson was formerly an attorney with Schwartzer & McPherson Law Firm ("S&MLF") and has represented debtors and creditors in cases where the Trustee may have been the appointed Chapter 7 trustee.  Fox Rothschild LLP has also represented debtors and creditors in cases where the Trustee may have been the appointed Chapter 7 trustee;

(b)    The Trustee regularly employs Jeanette E. McPherson, in her previous capacity as an attorney at S&MLF and her current capacity as an attorney at Fox Rothschild to represent her in other unrelated bankruptcy cases in which she is the trustee;

(c)    Jeanette E. McPherson, in her previous capacity as an attorney at S&MLF and her current capacity as an attorney at Fox Rothschild LLP has also

- 3 -

160934527.1

represented various chapter 7 panel trustees appointed by the Office of the United States Trustee in other unrelated bankruptcy cases;

(d) Jeanette E. McPherson's former partner at S&MLF, Lenard E. Schwartzer, is also a Chapter 7 panel trustee appointed by the Office of the United States Trustee;

(e) Jeanette E. McPherson and Fox Rothschild LLP have also participated in numerous cases in various capacities with attorneys, and their affiliated law firms, known to be involved in this case;

(f) Jeanette E. McPherson is also a Chapter 11 Subchapter V trustee appointed by the Office of the United States Trustee;

(g) Fox Rothschild LLP currently represents or has a connection with the following parties in unrelated matters:

(i) U.S. Bank; and

(h) Fox Rothschild LLP formerly represented or had a connection with the following parties in unrelated matters:

(i) American Express;

(ii) American Express Bank;

(iii) Bank of America;

(iv) Holland & Hart;

(v) Resurgent Capital Services; and

(vi) Social Security Administration.

9. The Trustee has been advised that Fox Rothschild LLP has conducted a thorough search using its computerized conflicts check system, based on the information received to date from the Trustee, the Debtor's petition, schedules, statement of financial affairs, and matrix, and that Fox Rothchild LLP's attorneys have made diligent efforts to search Fox Rothschild LLP's records and assemble pertinent information for purposes of the McPherson Declaration with respect to Fox Rothschild LLP's connections (if any) with the Debtor's creditors, parties in interest, their respective attorneys and accountants, the United States Trustee, or any person

- 4 -

160934527.1

employed in the Office of the United States Trustee. If the Trustee obtains additional information regarding the Debtor's creditors and/or parties in interest, the Trustee will forward such additional information to Fox Rothschild LLP to run an updated conflict search and file a supplement to the McPherson Declaration.

10. The Trustee has been advised that, from time to time, because of the nature of Fox Rothschild LLP's practice, Fox Rothschild LLP may be engaged by one or more of the Debtor's creditors in matters entirely unrelated to this case, or may represent parties adverse to certain creditors in this case on matters entirely unrelated to this case. Fox Rothschild LLP may represent clients in litigation, transactions, insolvency and other matters throughout the United States, *provided, however*, that any such matter will not relate directly or indirectly to the representation of the Trustee in this case.

### IV.    COMPENSATION ARRANGEMENT

11. Subject to Court approval, in accordance with 11 U.S.C. § 330, the Trustee seeks to retain Fox Rothschild LLP on an hourly basis at the customary and standard rates that Fox Rothschild LLP charges for similar representation, plus reimbursement of actual and necessary expenses incurred by Fox Rothschild LLP in performing its duties.

12. Fox Rothschild LLP expects that its compensation will be based upon a combination of factors, including without limitation, experience of counsel, time expended, results achieved, difficulty of matters undertaken, and Fox Rothschild LLP's hourly rates billed at the rate of $625.00 for Jeanette E. McPherson and various hourly rates for other counsel and support staff within Fox Rothschild LLP as set forth in Exhibit A to the McPherson Declaration filed concurrently with this Application. Fox Rothschild LLP will raise the rates of any Fox Rothschild attorney for a minimum of six (6) months after the date of the entry of the order approving its employment. Fox Rothschild LLP reserves the right to seek an increase in hourly rates in accordance with the U.S. Trustee's Guidelines on this matter.

13. No payments have been made or promised to Fox Rothschild LLP for services rendered in any capacity whatsoever in connection with the Chapter 7 Case.

14. There is no agreement or understanding between Fox Rothschild LLP or any other

- 5 -

160934527.1

entity for the sharing of compensation to be received for services rendered by Fox Rothschild LLP in or connection with this Chapter 7 Case.  No compensation will be paid to Fox Rothschild except as authorized by order of this Court, after notice and an opportunity for a hearing.

**V.      COMPENSATION FOR SERVICES PROVIDED PRIOR TO APPLICATION**

15.      Pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr. P. 2014(a), trustee's counsel typically cannot recover fees for services rendered to an estate unless the firm's employment has been authorized by the Bankruptcy Court. The Ninth Circuit gave bankruptcy courts in the Ninth Circuit the equitable power to approve a professional's valuable but unauthorized services performed prior to entry of the retention order. *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973 (9th Cir.1995).

16.      In *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, __ U.S. __, 140 S. Ct. 696 (2020), the United States Supreme Court clarified the limits and proper use of *nunc pro tunc* orders.  The Court held that "[f]ederal courts may issue *nunc pro tunc* orders ... to 'reflect[ ] the reality' of what has already occurred." *Id.* at 700–01 (internal citation omitted). An order granting relief *nunc pro tunc* "'presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court." *Id.* (quotation omitted).  Applying the ruling in *Acevedo*, bankruptcy courts have determined that *Acevedo* does not preclude compensation for work provided prior to entry of a retention order.  See *In re Miller*, 620 B.R. 637 (Bankr. E.D. Cal. 2020)(although bankruptcy court may not approve a professional's employment *nunc pro tunc*, this does not mean that the courts cannot exercise their equitable discretion to compensate professionals for services rendered pre-employment); *In re Roberts*, 618 B.R. 213, 217 (Bankr. S.D. Ohio 2020) (although a bankruptcy court must approve a professional's employment before he or she may be awarded compensation, this does not mean that services rendered prior to entry of an order authorizing the employment will be uncompensated). In *In re Benitez*, 2020 WL 1272258 at *2 (Bankr. E.D.N.Y. 2020, March 13, 2020), the court held:

> It is this Court's determination, however, that retroactive approval of the retention of an estate professional, whether it be *nunc pro tunc, post-facto* or any similar nomenclature, is not mandated under the Code or Rules. The Court finds that neither the Code nor the Rules preclude an award of "reasonable compensation" or

- 6 -

reimbursement for "actual, necessary expenses" pursuant to section 330 for services rendered prior to an order approving retention of the professional. The only temporal requirement in the Code and Rules is that a professional must have been retained pursuant to section 327 to successfully obtain a court award of compensation. Simply stated, a professional must be retained as required by the statute, but once having been retained, the bankruptcy court is free to compensate him for services rendered to the estate at any time, pre and post-court approval, in accordance with section 330 of the Code.

*Id.* at *2. The Ninth Circuit also recognized in *Atkins* the policy benefits of allowing compensation of professionals for work provided prior to entry of a timely retention order. Based upon the foregoing, Fox Rothschild requests the right to request compensation for services provided prior to entry of the requested retention order, subject to separate review pursuant to 11 U.S.C. §330.

## CONCLUSION

The Trustee requests that the Court enter an order authorizing the Trustee to employ Fox Rothschild LLP as her general counsel in this case, to render services as described above, which may include services provided prior to this Application, with compensation at the expense of the Debtor's estate to be in such amount as the Court may hereafter allow pursuant to 11 U.S.C. § 330 and Fed.R.Bankr. P. 2016.

Dated this 6th day of August, 2024.      **FOX ROTHSCHILD LLP**


By: /s/ Jeanette E. McPherson
    JEANETTE E. MCPHERSON, ESQ.
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135

    *Proposed Counsel for Shelley D. Krohn, Chapter 7 Trustee*

- 7 -

160934527.1