MARK W. PATTERSON, ESQ.
Nevada Bar No. 004022
PATTERSON & ASSOCIATES, LTD.
8275 South Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 239-6424
Email: mpatterson@pattersonassociateslaw.com
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

* * * *

| | |
|---|---|
| In re<br><br>BRIAN SEBASTIAN SCIARA<br><br>Debtor. | Case No. BK-S-23-13265-ABL<br><br>Chapter 7<br><br>Hearing Date: November 27, 2024<br>Hearing Time: 9:30am |

**REPLY TO TRUSTEE'S OPPOSITION TO APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AND COSTS FOR SERVICES RENDERED BY MARK W. PATTERSON**

Mark W. Patterson, Esq. and Patterson & Associates, Ltd. (collectively "Applicant") responds to the TRUSTEE'S OPPOSITION TO FIRST INTERIM FEE APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AND COSTS FOR SERVICES RENDERED BY MARK W. PATTERSON [Docket 123] (the "Opposition") and in support of the FIRST INTERIM FEE APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AND COSTS FOR SERVICES RENDERED BY MARK W. PATTERSON [Docket 84] (the "Application") as follows:

The Trustee's Opposition consists of two parts:

**A.** The Time Spent on Certain Tasks Is Not Reasonable and Some Entries Are Vague

**B.** The Remaining Retainer is not subject to Applicant's security interest

## ARGUMENT

The Applicant disputes both arguments.

**A. Time Spent:**

The Applicant is willing to reduce the fees charged for preparing the three (3) employment applications and one (1) fee applications to the hourly rate of $245 per hour reducing the rate from $350 per hour as well as reduce the amount of time by 4.5 hours. This will reduce the amount requested by Applicant by $4,727.50. Considering that most of the time spent for employment applications required consultation with the 2 other professionals regarding the facts and issues involved in the case, the amount of time - 20 hours (after a reduction of 4.5 hours) and hourly rate $245 (a reduction from $350 per hour) results in a monetary reduction of the amount requested of approximately $5,000, the balance requested of $39,905 is reasonable.

While the Trustee argues that the Application doesn't have enough detail, all the details are included in the attached Invoice [Docket 84-2]. In particular, the Opposition complains that entries such as "teleconf with client," "email to client," "sent email to client," or "receipt and review email from client," "receipt and review email from accountant," are insufficient. However, they are sufficient. Disclosure of topics of discussion and correspondence is not required and cannot be displayed for public record. Redaction of attorney-client communications with an individual debtor is permitted. See *In re Heise*, 436 B.R. 143, 147 (Bankr. D.N.M. 2010).

The Trustee argues that the Application does not list the Project Categories contained in the U.S. Trustee's Guidelines. However, the use of these Project Categories is very similar to the analysis in the Application. See pages 4-5 of Application listing 13 categories

of services. Requiring use of the U.S. Trustee's Project Categories for a fee application in a case this small is unlikely to enhance this Court's ability to determine the amount of fees to award but it would require additional time and effort which cannot be compensated for lack of funds.

**B. Counsel's Security Interest in Retainer Is Perfected and Enforceable**

It has been generally accepted law that the funds held in an attorney's trust account which has been given to secure payment of fees to be incurred is subject to a valid *perfected* security interest. *In re Dick Cepek, Inc.*, 339 B.R. 730, 736 (B.A.P. 9th Cir. 2006) ("A Retainer is Not Subject to Disgorgement if the Claimant Holds a Security Interest in It"). *In re GOCO Realty Fund*, 151 B.R. 241, 251 (Bankr. ND Cal. 1993) ("Applying California law, there may be no difference in treatment of a security retainer and an advance payment retainer."); *In re Shreekrishna, LLC*, No. 06-03126-8-JRL, at *5 (Bankr. E.D.N.C. Apr. 16, 2007) ("The Uniform Commercial Code allows for the perfection of a security interest in money merely by taking possession of it."); *In re Outdoor RV & Marine, LLC*, C/A No. 09-03719-HB, at *13 (Bankr. D.S.C. May 10, 2011) ("The prevailing view among bankruptcy courts is that security retainers are allowed and recognized in the context of bankruptcy proceedings."); *In re Outdoor RV & Marine, LLC*, C/A No. 09-03719-HB, at *14 (Bankr. D.S.C. May 10, 2011) ("Many courts have held that an attorney's security interest in the retainer arises from perfection by possession of the retainer under Article 9 of the Uniform Commercial Code").

Like any other secured creditor, an attorney is entitled to payment from his/her collateral before the balance is turned over to the estate. *Id.* at 737.

> We agree with *Printcrafters* and the other case law cited above that a professional holding a security interest in a prepetition retainer cannot be forced to share that retainer with other administrative claimants solely to achieve pro rata distribution under section 726(b). *In re Dick Cepek, Inc.*, 339 B.R. 730, 740 (B.A.P. 9th Cir. 2006).

Nevada law also provides that an attorney can perfect his/her security interest in

retainer funds by possession. NRS 104.9313 **provides:**

> 1. Except as otherwise provided in subsection 2**, a secured party may perfect a security interest in** goods, instruments, negotiable tangible documents or **money by taking possession of the collateral**.

This statute does not distinguish between possession in a trust account or a business account. "Possession" of money perfects a security interest even when ownership remains with the debtor.

Bankruptcy Courts recognize perfection of funds by possession in a trust account. See *In re Burnside Steel Foundary Co.*, 90 B.R. 942, 944 (Bankr. N.D. Ill. 1988); *In re On-Line Serv.,* 324 B.R. 342, 346-47 (B.A.P. 8th Cir. 2005); *In re Outdoor RV & Marine, LLC*, C/A No. 09-03719-HB, at *14 (Bankr. D.S.C. May 10, 2011).

There is no factual dispute that the retainer agreement signed by the Debtor provided that Applicant could hold the retainer as security for payment of future fees and the Debtor was only entitled to any balance that was left after the full payment of Applicant's Court-approved fees. Whether the retainer was a classic "earned on receipt" retainer, an advanced payment retainer or a security interest retainer, the result remains the same. The bankruptcy estate has no right to any portion of the funds held in the Applicant's trust account as a retainer until full payment of Applicant's Court-approved fees. The Applicant has a *perfected* security interest and is NOT obligated to share the retainer funds with other administrative creditors.

## CONCLUSION

Both the Applicant and creditors cannot benefit from further litigation of the Application because there are insufficient funds in this estate to pay administrative expenses already incurred by the Applicant and Trustee's counsel.

For the foregoing reasons, Applicant requests that its request be granted for approval of fees incurred in representing Debtor in this action. Applicant is willing to reduce its request by $5,000.

Dated this 13th day of November, 2024.

/s/ Mark W. Patterson, Esq.
Mark W. Patterson, Esq.
*Attorney for Debtor*