Jeanette E. McPherson, Esq., NV Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
Telephone: 702.262.6899 / Facsimile:  702.597.5503
Email:  JMcPherson@FoxRothschild.com

Attorneys for Shelley D. Krohn, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-23-13265-ABL |
| BRIAN SEBASTIAN SCIARA, | Chapter 7 |
| | **NOTICE OF SUBPOENA PURSUANT TO RULE 9016** |
| Debtor. | |

TO:  ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that, pursuant to FRBP 9016 and FRCP 45, a Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case ("Subpoena") will be served on Funded, LLC, demanding production of documents.  The documents must be produced on or before June 13, 2025 by 1:00 p.m., prevailing Pacific Time.  A copy of the Subpoena is attached hereto.

Dated: May 21, 2025.

**FOX ROTHSCHILD LLP**

By: /s/ Jeanette E. McPherson
JEANETTE E. MCPHERSON, ESQ.
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

Page 1                                                                                     172406847.1

## CERTIFICATE OF SERVICE

1.      I caused to be served a copy of the Notice Of Subpoena Pursuant To Rule 9016 by the following means to the persons as listed below:

☒      a.      **By ECF System (on May 21, 2025):**

JENNIFER WILLIS ARLEDGE on behalf of Creditor Sgro & Roger
jarledge@sgroandroger.com, efile@sgroandroger.com

BRETT A. AXELROD on behalf of Trustee SHELLEY D KROHN
baxelrod@foxrothschild.com, pchlum@foxrothschild.com; mwilson@foxrothschild.com; nv.dkt@foxrothschild.com

ROBERT M. CHARLES, JR. on behalf of Creditor MiCamp Holdings, LLC
rcharles@lewisroca.com, BankruptcyNotices@lewisroca.com,robert-charles-1072@ecf.pacerpro.com

ROBERT M. CHARLES, JR. on behalf of Creditor MiCamp Solutions, LLC
rcharles@lewisroca.com, BankruptcyNotices@lewisroca.com,robert-charles-1072@ecf.pacerpro.com

SHELLEY D KROHN shelley@trusteekrohn.com,
NV27@ecfcbis.com;becca@trusteekrohn.com;brenda@trusteekrohn.com

TIMOTHY A LUKAS on behalf of Creditor SPROUT FINANCIAL LLC
ecflukast@hollandhart.com

TIMOTHY A LUKAS on behalf of Creditor Stephen Campbell
ecflukast@hollandhart.com

TIMOTHY A LUKAS on behalf of Plaintiff SPROUT FINANCIAL LLC
ecflukast@hollandhart.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 7, 7
edward.m.mcdonald@usdoj.gov

JEANETTE E. MCPHERSON on behalf of Plaintiff SHELLEY D. KROHN
JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,nv.dkt@foxrothschild.com

JEANETTE E. MCPHERSON on behalf of Trustee SHELLEY D KROHN
JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,nv.dkt@foxrothschild.com

MARK W PATTERSON on behalf of Debtor BRIAN SEBASTIAN SCIARA
mpatterson@pattersonassociateslaw.com

U.S. TRUSTEE - LV - 7, 7 USTPRegion17.LV.ECF@usdoj.gov

172406847.1

☒ b. **By United States First Class postage fully prepaid (on May 21, 2025):**

Funded, LLC
dba Funded
712 Pont Chartrain Drive
Las Vegas, Nevada 89145

Funded, LLC
c/o Sierra Corporate Services – Reno, Registered Agent
100 West Liberty Street 10th Floor
Reno, Nevada 89501

Funded, LLC
c/o Brian Sciara, Managing Member
410 South Rampart Blvd, Suite 390
Las Vegas, Nevada 89145

☐ c. **By United States Certified Mail postage fully prepaid**

☐ d. **By Personal Service**

☐ I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐ e. **By direct email**

I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ f. **By fax transmission**

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

172406847.1

☐    g.    **By messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 21, 2025.

/s/ Angela Hosey
Angela Hosey

172406847.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Nevada__

In re ___**BRIAN SEBASTIAN SCIARA**___          Case No. ___BK-S-23-13265-ABL___
Debtor

Chapter ____7____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR
## TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

To:      Funded, LLC, c/o Sierra Corporate Services - Reno, Registered Agent
100 West Liberty Street 10th Floor, Reno, Nevada 89501

☒ *Production*:  **YOU ARE COMMANDED** to produce, by **June 13, 2025 at 1:00 p.m., prevailing Pacific Time**, to **Jeanette E. McPherson, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, email:  JMcPherson@FoxRothschild.com**, the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit A attached hereto**.

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

PLACE:_____

DATE AND TIME:_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  May 21, 2025.

CLERK OF COURT                    OR


_____          ___/s/ Jeanette E. McPherson_____
*Signature of Clerk or Deputy Clerk*          *Jeanette E. McPherson, Esq.*

The name, address, email address, and telephone number of the attorney representing *Shelley D. Krohn, Trustee,* who issues or requests this subpoena, are:

**Jeanette E. McPherson, Esq., FOX ROTHSCHILD LLP**
**1980 Festival Plaza Dr., Suite 700, Las Vegas, Nevada 89135**
**Telephone: 702.262.6899 / Facsimile:  702.597.5503**
**Email: JMcPherson@FoxRothschild.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "A"

## DEFINITIONS

1.      "Agent" shall mean any agents, employees, representatives, consultants, accountants, attorneys, financial advisors and any other Person currently or formerly acting or purporting to act on Your behalf for any purpose whatsoever.

2.      "And" and "or" shall mean and/or and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

3.      "All," "any," and "each" shall be construed broadly and shall mean each, any, and all as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

4.      "Bank Statements" means any and all statements relating to any bank accounts or accounts with a credit union in the Debtor's name (solely or jointly) or under its control.

5.      "Bankruptcy" shall mean the case currently pending under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada filed by Brian Sebastian Sciara, Case No. BK-S-23-13265-ABL.

6.      "Communication(s)" shall mean the transmittal of information (in the form of facts, ideas, inquiries or other), including, without limitation, all discussions, dialogues, conversations, interviews, negotiations, correspondence, facsimiles, electronic mail, or other forms of written or verbal interchange, however transmitted.

7.      "Concerning," "in connection with," "referencing," "regarding," "relating to," and "referring to" shall mean, without limitation, regarding, relating to, referring to, describing, evidencing, constituting, discussing, embodying, reflecting, concerning, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting,

considering or recommending, in whole or in part, or having any connection or bearing upon, directly or indirectly.

8. "Court" shall mean the United States Bankruptcy Court for the District of Nevada.

9. "Debtor" shall mean Brian Sebastian Sciara.

10. "Describe" shall mean to describe in detail, with specificity and particularity.

11. "Document(s)" shall have the broadest meaning permissible, and includes, without limitation, any recorded information (whether printed, typed, photocopied, handwritten, recorded, electronically stored, produced or reproduced or created by any other process), tangible thing or any other compilation of information that is within Your possession, custody or control, including, without limitation, any and all:

(a) accountants' work papers, advertising circulars, advisories, agreements, appointment books, articles, bills, binders, books, brochures, bulletins, cables, calendars, certificates of insurance, charts, checks, circulars, Communications (intra-office, inter-office, external and other), compilations, computer printouts, confirmations, contracts, correspondence, desk-pads, diaries, drafts, drawings, exhibits, facsimiles, financial statements, flyers, forecasts, graphs, guidelines, invoices, instructions, letters, lists, logs, manuals, memoranda, messages, microfiche, microfilm, minutes of meetings, notebooks, notes, outlines, pamphlets, periodicals and clippings from periodicals, placement slips, pleadings, policies, post-it notes, projections, prospectuses, questionnaires, receipts, records, reports, rules, schedules, statements, studies, subscription agreements or pages, summaries, tables, telecopies, telefaxes, telegrams, telephone messages, telexes, translations, treaties, wire messages and worksheets;

172399449.1

(b)  visual or audio records or representations of any kind, including, without limitation, photographs, charts, drawings, graphs, microfiche, microfilm, videotapes, recordings and motion pictures;

(c)  electric, electronic, magnetic, mechanical and optical records or representations of any kind, including, without limitation, emails, tapes, cassettes, computer discs, recordings, computer memories or other electronic data compilations, any archive, including the archive for a workstation or a server, or any backup tape, including the backup tape for any workstation or server, even if deleted but still able to be retrieved;

(d)  proposed drafts, drafts and final versions;

(e)  all originals (or, when the originals are not in Your possession, custody or control, carbon or other identical copies), as well as copies that vary from the original in any respect, including, without limitation, variations due to handwritten notes, editing, interlineations, blind copies and other alterations; and

(f)  all instructional materials, annotated policies, handbooks, course materials, claims manuals, underwriting manuals, and memoranda.

12.  "Funded, LLC" means that entity in which the Debtor is involved and is sometimes referenced as "Funded," "Funded LLC" or "Funded Financial."

13.  "Identify" shall mean:

(a)  When used in connection with a Person, that Person's full name, present or last known business and residential addresses, present or last known employer and telephone number.

(b)  When used in connection with a Document, the nature of the Document, its physical description, date, author, its current location and identification of the current custodian.  If any such Document was, but is no longer, in Your possession or subject to Your control, or in existence, state whether it is

missing or lost; has been destroyed; has been transferred, voluntarily or involuntarily, to another; or otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization for such disposition thereof and state the date or approximate date thereof.

(c)     When used in connection with an oral Communication, the nature of that Communication, the Persons included in the Communication, the date, place and substance of that Communication and the identification of any Document concerning it.

14.     "Including" shall mean including, without limitation, or in any way qualifying, limiting, or restricting the foregoing.

15.     "Person" shall mean any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, or other units therein, and shall include, without limitation, a public or private corporation, firm, partnership, joint venture, voluntary unincorporated association, organization, proprietorship, trust, state, government agency, commission, bureau or department.

16.     "Petition" shall mean the voluntary petition for relief filed under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada filed by Brian Sebastian Sciara, Case No. BK-S-23-13265-ABL, which case was subsequently converted to one under Chapter 7 of the United States Bankruptcy Code.

17.     "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the  preparation of another document, or documents that are attached to or enclosed with another document.

18.      "Response" means the response to the subpoena issued upon you.

172399449.1

19.     "You" or "Your" refers to Funded, LLC, its agents, affiliates, entities, businesses, and all other entities or persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

**INSTRUCTIONS**

1.     Any term that is not defined herein has its usual and customary meaning.

2.     The singular includes the plural and vice versa.  The masculine includes the feminine and vice versa.  The disjunctive includes the conjunctive and vice versa as necessary to make the request inclusive rather than exclusive.  The use of a verb in any tense encompasses the use of the verb in all tenses.

3.     Definitions of terms shall apply to such terms regardless of whether such terms are capitalized or not capitalized.

4.     All requests shall be interpreted to bring within their scope the broadest range of discovery permissible.

5.     Any ambiguity in a request shall be construed to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

6.     Notwithstanding anything to the contrary herein, each word, term or phrase shall have the broadest meaning permissible.

7.     You shall furnish such information as is available to You.  You must answer each request completely and in a straightforward manner.  If you cannot answer a request completely, you must answer it to the extent possible, explain why you cannot answer completely and state the nature of the information that you are unable to furnish.

8.     Documents shall be produced in such a manner as to indicate the particular request or requests to which they are responsive.

9.     You should make a reasonable and good faith effort to obtain responsive information to these requests by inquiring of persons known to you to have knowledge or information relating to this action.

- 5 -                                                        172399449.1

10.     Each request is continuing in nature and shall be modified or supplemented to include any new or different information which You may become aware of, acquire, obtain, locate or identify, up to and including the time of trial of this action.

11.     If you object to any request, whether in whole or in part, on the grounds that the information sought is privileged, You shall:

       (a)     provide the request to which the privilege or objection relates;

       (b)     Describe the basis for the privilege or objection;

       (c)     Identify and Describe the Document or Communication to which a privilege or objection is asserted;

       (d)     Identify each Person who made the Document or Communication;

       (e)     Identify each Person who was sent, shown or furnished with or received, viewed or has possession, custody or control of the Document or a copy thereof or each Person present when the Communication was made;

       (f)     Identify the general subject matter of the Document or Communication;

       (g)     provide the privilege under which it is withheld; and

       (h)     Describe the subject matter of the Document sufficiently to support Your contention that the Document is privileged.

An objection or claim of privilege directed to part of a request does not constitute an excuse for failure to respond to the parts of a request for which no objection or claim of privilege is made.

### **DOCUMENTS TO BE PRODUCED**

1.     All documents setting forth the revenues of Funded, LLC for the period of October 1, 2022 through the date of your response.

2.     All documents identifying each source of revenue of Funded, LLC for the period of October 1, 2022 through the date of your response.

3.     All documents setting forth the liabilities of Funded, LLC for the period of October 1, 2022 through the date of your response.

4.     All documents identifying the source of each liability of Funded, LLC for the period

172399449.1

of October 1, 2022 through the date of your response.

5.      All documents between Funded, LLC and any client or customer for the period of October 1, 2022 through the date of your response.

6.      Tax returns relating to Funded, LLC submitted to the Internal Revenue Service for years 2020 through the date of your response.

7.      All financial statements for Funded, LLC, including without limitation, balance sheets, cash flow statements, and profit and loss statements, for the period of October 1, 2022 through the date of your response.

8.      All documents relating to all customers of Funded, LLC and their contact information, including names, addresses, email addresses, and phone numbers since October 1, 2022.

9.      All documents relating to all referral sources of Funded, LLC and their contact information, including names, addresses, email addresses, and phone numbers.

10.     All documents setting forth or demonstrating the assets of Funded, LLC for the period of October 1, 2022 through the date of your response.

11.     All documents relating to leads or referrals that you sent to any other person or party for the period of August 1, 2020 through the date of your response.

12.     All Bank Statements for Funded, LLC for the period of October 1, 2022 through the date of your response.

172399449.1