Jeanette E. McPherson, Esq., NV Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Dr., Suite 700
Las Vegas, Nevada 89135
Telephone: 702.262.6899 / Facsimile: 702.597.5503
Email:  JMcPherson@FoxRothschild.com

Attorneys for Shelley D. Krohn, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-23-13265-ABL |
| BRIAN SEBASTIAN SCIARA, | Chapter 7 |
| Debtor. | **NOTICE OF SUBPOENA PURSUANT TO RULE 9016** |

**TO:     ALL PARTIES IN INTEREST**

        **PLEASE TAKE NOTICE** that, pursuant to FRBP 9016 and FRCP 45, a Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding) (the "Subpoena") will be served on American Express National Bank, demanding production of documents.  The documents must be produced on or before **June 26, 2025 at 1:00 p.m., prevailing Pacific Time**.  A copy of the Subpoena is attached hereto.

        Dated: June 4, 2025.

                                        **FOX ROTHSCHILD LLP**


                                        By:  /s/ Jeanette E. McPherson
                                             JEANETTE E. MCPHERSON, ESQ.
                                             1980 Festival Plaza Drive, Suite 700
                                             Las Vegas, Nevada 89135

                                        *Counsel for Shelley D. Krohn, Chapter 7 Trustee*

Page 1                                                          172915648.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Nevada

In re **BRIAN SEBASTIAN SCIARA**
Debtor

Case No. **BK-S-23-13265-ABL**

Chapter **7**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

To:     Person Most Knowledgeable, American Express National Bank, c/o C T Corporation System, Registered Agent
701 South Carson Street, Suite 200, Carson City, Nevada  89701

☒ *Production*:  **YOU ARE COMMANDED** to produce, by **June 26, 2025 at 1:00 p.m., prevailing Pacific Time**, to **Jeanette E. McPherson, Esq., Fox Rothschild LLP, 1980 Festival Plaza Drive, Suite 700, Las Vegas, Nevada 89135, email:  JMcPherson@FoxRothschild.com**, the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See Exhibit A attached hereto**.

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

PLACE:_____

DATE AND TIME:_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  June 4, 2025.

CLERK OF COURT                    OR

_____          _/s/ Jeanette E. McPherson_____
*Signature of Clerk or Deputy Clerk*          *Jeanette E. McPherson, Esq.*

The name, address, email address, and telephone number of the attorney representing *Shelley D. Krohn, Trustee,* who issues or requests this subpoena, are:

**Jeanette E. McPherson, Esq., FOX ROTHSCHILD LLP**
**1980 Festival Plaza Dr., Suite 700, Las Vegas, Nevada 89135**
**Telephone: 702.262.6899 / Facsimile:  702.597.5503**
**Email: JMcPherson@FoxRothschild.com**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                        *Server's signature*

                                                    _____
                                                                        *Printed name and title*

                                                    _____
                                                                        *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### I.    DEFINITIONS

As used herein, unless otherwise indicated:

1.    "American Express" shall mean American Express National Bank, its predecessors and successors, past and present subsidiaries, affiliates, divisions, branches, agents, officers, directors, employees, partners, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of American Express, including any attorneys, advisors, or consultants. American Express shall specifically include each and every present and former department, division, office, agency or affiliate thereof. These words or phrases include any successor or predecessor firms or corporations, including, but not limited to any parent corporations and holding companies with which American Express is associated, any subsidiaries and/or other companies which are owned in whole or in part by American Express whether foreign or domestic. Finally, these words and phrases specifically include present and former officers, partners, directors, agents, employees, and any and all other persons, firms, or corporations acting or purporting to act on behalf of American Express at the time of the act or occurrence in question.

2.    "CapFund" means CapFund Enterprises, LLC, that entity in which the Debtor is or was involved and is sometimes referenced as "CapFund."

3.    "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

4.    "Debtor" or "Sciara" shall mean Brian Sebastian Sciara, whose social security number

Page 1

172916715.1

is XXX-XX-5778 and who is the debtor in BK-S-23-13265-ABL pending in the United States Bankruptcy Court, District of Nevada, or his agents, employees, entities, attorneys, agents, brokers, representatives, servants, and any and all other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of the Debtor, including any attorneys, advisors, or consultants, and in any capacity, including without limitation, as a trustee of The Scotsman Trust.

5. "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

6. "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

172916715.1

7.    "Funded, LLC" means that entity in which the Debtor is involved and is sometimes referenced as "Funded," "Funded LLC" or "Funded Financial."

8.    "Identify" or "identity" with respect to a natural person requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known home address, business address and/or telephone number of each person.

9.    "Identify" or "identity" with respect to a person other than a natural person (e.g., corporation, partnership, unincorporated joint venture, sole proprietorship, subchapter S corporation) requires that the following information be provided for each such person:

(a)    the name of the person;

(b)    the last known address and telephone number of that person's headquarters or principal place of business.

10.    "Identify" or "identity" with respect to a document means to state the date and author of the document, the type of document (e.g., letter, memorandum, telegram, chart), the addressee or intended recipient, a summary of its contents or other means of identifying the document, and the present location and custodian of the document. Alternatively, in lieu of the foregoing identification, the document may be produced along with an identification of the interrogatory to which it is responsive. If any such document was, but is no longer, in the possession, custody, or control of American Express or American Express's attorneys or agents, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared subsequent to or prior to the time period specified in these interrogatories but which relate or refer to such time or period are to be included in your response.

11.    "Identify" or "identity" with respect to a communication, written or oral

Page 3

172916715.1

conversation, conference or meeting, means to identify all persons participating in or in attendance at the communication, conversation, conference or meeting, and to identify all documents recording, summarizing or otherwise arising from the communication, conversation, conference or meeting in accordance with the definitions stated above. In addition, "identify" or "identity" with respect to a communication, conversation, conference or meeting means to state in detail its purpose, all subjects discussed, the method(s) of communication.

12.     "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

13.     "Petition Date" the date of filing of the Chapter 11 voluntary petition filed by Brian Sciara on August 4, 2023, as case number BK-S-23-13265-ABL, pending in the United States Bankruptcy Court, District of Nevada.

14.     "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the  preparation of another document, or documents that are attached to or enclosed with another document.

15.     "You" or "Your" refers to American Express (as defined above) and its employees, officers, agents, subsidiaries, affiliates and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## II.     INSTRUCTIONS

1.     The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a document includes your having a right, superior to other parties, to compel the production of such

172916715.1

document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

2.      If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

3.      If you cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

4.      Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of your agents, attorneys, accountants or employees, or which are otherwise within your custody, control, or access, wherever located. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5.      Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6.      If you withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other

Page 5

172916715.1

ground, you must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, you must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (g) the date on the document and, if different, the date on which the document was created and/or sent; (h) the number of pages of the document; (i) the specific request herein to which the document is responsive; (j) the nature of the privilege(s) asserted as to the document; and (k) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7.      If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8.      Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9.      Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10.      All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be

172916715.1

produced in its native format, so that the metadata can be accessed.

11.    Unless otherwise specified, the relevant time period for this request is from August 1, 2021 through and including the present.

12.    This request is a continuing one that calls for the supplemental or additional production of documents if any defendant or its counsel obtains supplemental or additional documents.

13.    In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

### III.    DOCUMENTS

YOU ARE REQUESTED to produce the documents set forth below:

1.    All documents, including without limitation, applications and statements, related to **any and all credit card accounts** opened, held and/or controlled by Debtor, **including without limitation**, account numbers with the last four digits of 2001, 2004, and 8006 for the period of August 1, 2021 through the date of the response to this request.

2.    All documents, including without limitation, applications and statements, related to **any and all credit card accounts** opened, held and/or controlled by Funded, LLC for the period of August 1, 2021 through the date of the response to this request.

3.    All documents, including without limitation, applications and statements, related to **any and all credit card accounts** opened, held and/or controlled by CapFund for the period of August 1, 2021 through the date of the response to this request.

172916715.1

## CERTIFICATE OF SERVICE

1.      I caused to be served a copy of the Notice Of Subpoena Pursuant To Rule 9016 by the following means to the persons as listed below:

☒      a.      **By ECF System (on June 4, 2025)**

JENNIFER WILLIS ARLEDGE on behalf of Creditor Sgro & Roger
jarledge@sgroandroger.com, efile@sgroandroger.com

BRETT A. AXELROD on behalf of Trustee SHELLEY D KROHN
baxelrod@foxrothschild.com, pchlum@foxrothschild.com; mwilson@foxrothschild.com; nv.dkt@foxrothschild.com

ROBERT M. CHARLES, JR. on behalf of Creditor MiCamp Holdings, LLC
rcharles@lewisroca.com, BankruptcyNotices@lewisroca.com,robert-charles-1072@ecf.pacerpro.com

ROBERT M. CHARLES, JR. on behalf of Creditor MiCamp Solutions, LLC
rcharles@lewisroca.com, BankruptcyNotices@lewisroca.com,robert-charles-1072@ecf.pacerpro.com

SHELLEY D KROHN shelley@trusteekrohn.com,
NV27@ecfcbis.com;becca@trusteekrohn.com;brenda@trusteekrohn.com

TIMOTHY A LUKAS on behalf of Creditor SPROUT FINANCIAL LLC
ecflukast@hollandhart.com

TIMOTHY A LUKAS on behalf of Creditor Stephen Campbell
ecflukast@hollandhart.com

TIMOTHY A LUKAS on behalf of Plaintiff SPROUT FINANCIAL LLC
ecflukast@hollandhart.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 7, 7
edward.m.mcdonald@usdoj.gov

JEANETTE E. MCPHERSON on behalf of Plaintiff SHELLEY D. KROHN
JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,nv.dkt@foxrothschild.com

JEANETTE E. MCPHERSON on behalf of Trustee SHELLEY D KROHN
JMcPherson@FoxRothschild.com, ahosey@foxrothschild.com,nv.dkt@foxrothschild.com

MARK W PATTERSON on behalf of Debtor BRIAN SEBASTIAN SCIARA
mpatterson@pattersonassociateslaw.com

U.S. TRUSTEE - LV - 7, 7 USTPRegion17.LV.ECF@usdoj.gov

172915648.1

☒   b.   **By United States First Class postage fully prepaid (on June 4, 2025)**

American Express National Bank
C/O C T Corporation System, Registered Agent
701 South Carson Street, Suite 200
Carson City, Nevada 89701

American Express National Bank
Becket and Lee LLP
P.O. Box 3001
Malvern, Pennsylvania 19355-0701

☐   c.   **By United States Certified Mail postage fully prepaid**

☐   d.   **By Personal Service**

☐   I personally delivered the document(s) to the persons at these addresses:

☐   For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐   For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☒   e.   **By direct email (on June 4, 2025)**

I caused the document(s) to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

American Express National Bank,      ProofOfClaim@Becket-Lee.com
c/o Becket and Lee LLP
American Express National Bank       AmexsRU@AExp.com

☐   f.   **By fax transmission**

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

Page 3                                                                                                    172915648.1

☐      g.      **By messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 4, 2025.

/s/ Angela Hosey
Angela Hosey