JEANETTE E. MCPHERSON, ESQ., NV Bar No. 5423
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: 702.262.6899 / Facsimile: 702.597.5503
Email: jmcpherson@foxrothschild.com

*Counsel for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-23-13265-ABL |
| BRIAN SEBASTIAN SCIARA, | Chapter 7 |
| Debtor. | **DECLARATION OF SHELLEY D. KROHN, TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT WITH PETER MORTENSON OF MORTENSON & RAFIE LLP** |

I, Shelley D. Krohn, hereby declare as follows:

1. I am over the age of 18 and a resident of the State of Nevada. The facts stated herein are within my personal knowledge, except where stated upon information and belief and if called upon to testify to the same I could and would testify to such facts.

2. I make this Declaration in support of the Motion To Approve Settlement With Peter Mortenson of Mortenson & Rafie LLP ("Motion").[1]

**Bankruptcy Filing**

3. On August 4, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, BK-S-23-13265-ABL, in the United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court").

4. On July 15, 2024, the Court entered an *Order Granting Motion For Conversion of Small Business Case To Chapter 7* [ECF 96] ("Conversion Order").

**Adversary Proceeding**

5. On October 2, 2024, I commenced this proceeding by filing a *Complaint For: 1) Avoidance Of Transfer Under 11 U.S.C. §§ 548 and 550, 2) Avoidance Of Transfer Under 11*

---

[1] All capitalized terms have the meanings ascribed to them in the Motion.

- 1 -

180149510.1

*U.S.C. §§ 544 and 550 And NRS 112.180, 112.190, And NRS 112.210, 3) Denial of Exemption, 4) Unjust Enrichment, And 5) Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A) and (4).* The Complaint was thereafter amended on October 25, 2024 (the "Complaint") [Adv. ECF 1 and 6].

6.     On November 19, 2024, the Debtor filed *Defendant Brian Sciara's Answer To Amended Complaint* (the "Answer") [Adv. ECF 10].

7.     On February 10, 2025, I filed the *Standard Discovery Plan* ("Discovery Plan") [Adv. ECF 15] proposing a discovery deadline of July 1, 2025.

8.     On September 11, 2025, I filed the *Plaintiff's Motion To Compel And To Continue Discovery Deadline And Related Deadlines* ("Compel Motion") [Adv. ECF 36]. As set forth in the Compel Motion, I requested an order:

1. compelling responses to the Interrogatories and Requests for Production from Sciara by a date certain and without objection to the Discovery;
2. ordering Sciara and/or Sciara's counsel to pay Plaintiff's reasonable attorney's fees and expenses incurred in bringing this Motion;
3. extending the discovery deadline for a period of approximately 60 days from Monday, November 17, 2025 to Thursday, January 16, 2026; and
4. extending the deadline for filing dispositive motions from Monday, November 3, 2025 to Thursday, January 16, 2026.

9.     On September 29, 2025, the Debtor filed *Defendant's Opposition To Plaintiff's Motion To Compel.* [Adv. ECF 41].

10.    On November 19, 2025, the Compel Motion was granted by an *Order Granting Plaintiff's Motion To Compel And To Continue Discovery Deadline And Related Deadlines* ("Compel Order") [Adv. ECF 51]. The Compel Order provides in relevant part as follows:

(1) Sciara shall serve supplemental and complete responses to Plaintiff's interrogatories as well as complete responses to Plaintiff's request for production of documents. He will do so on or before November 20, 2025;
(2) Sciara and Sciara's Counsel are jointly and severally liable for payment of the Trustee's reasonable attorney's fees and costs incurred in making the Motion. As such, the Trustee shall file an itemized statement of her attorney's fees and costs no later than November 20, 2025. Any opposition to this statement shall be filed no later than November 28, 2025. Any reply shall be filed no later than December 5, 2025. A hearing on the reasonableness of the Trustee's attorney's fees and costs shall be held **on December 8, 2025 at 9:30 a.m.**; and

- 2 -

180149510.1

(3) the discovery deadline in this proceeding is continued to January 16, 2026 and the deadline for filing dispositive motions is continued to January 16, 2026.

11. Mortenson disputes that attorneys' fees and costs should have been jointly and severally awarded against him. Consequently, Mortenson filed a *Motion To Alter Or Amend Interlocutory Order* ("Motion to Alter") [Adv. ECF 55].

12. Mortenson does not dispute the award of reasonable attorneys' fees and costs against the Debtor but only disputes the award against him.

13. On November 20, 2025, in compliance with the Compel Order, I filed *Plaintiff's Itemized Statement Of Attorney's Fees And Costs Pursuant to Order Granting Plaintiff's Motion To Compel To Continue Discovery And Related Deadlines* ("Statement") [Adv. No. 54], along with the supporting declaration of Jeanette E. McPherson [Adv. No. 56] ("McPherson Declaration").

14. As set forth in the Statement, I seek an award of attorneys' fees incurred in making the Compel Motion in the amount of $12,875.50 ("Attorney's Fees").  No expenses are requested.

15. On November 26, 2025, Mortenson filed *Defendant's Opposition to Plaintiff's Itemized Statement of Attorney's Fees and Costs* ("Opposition to Statement") [Adv. No. 63].

16. Mortenson and the Debtor opposed my request for attorneys' fees, for the following alleged reasons: 1) counsel's rate of $625.00 is not a "reasonable" billing rate, 2) the fees are not related to "making" the motion as required by Rule 37, and 3) the fees incurred by the paralegal are not compensable as they are not attorneys' fees and costs.

17. On November 28, 2025, I filed my *Response to Motion to Alter or Amend Interlocutory Order* ("Trustee's Response") [Adv. No. 64].

18. I assert that Rule 37(a)(5)(A) clearly provides for an award of attorney's fees and costs against counsel as requested in the Compel Motion.

19. On December 5, 2025, I filed my *Reply to Defendant's Opposition to Plaintiff's Itemized Statement Of Attorney's Fees And Costs Pursuant to Order Granting Plaintiff's Motion To Compel To Continue Discovery And Related Deadlines and Request for Supplemental Fees* ("Trustee's Reply") [Adv. No. 66], along with the supporting declarations of Jeanette E. McPherson [Adv. No. 67] and Angela Hosey [Adv. No. 68] ("Supporting Declarations").

- 3 -

180149510.1

20. The time for responding to the Motion To Alter and to the Opposition To Statement was not included in the list of fees attached to the Statement nor was estimated time included for attendance at the hearing. As such, I requested supplemental fees in the amount of an additional 7.9 hours for drafting Trustee's Reply, Trustee's Response, and Supporting Declarations, legal research regarding the Trustee's Reply, and in the amount of an estimated .8 hours for attending the hearing for a total fee supplement of $5,029.50 ("Supplemental Attorney's Fees").

21. I request an award of the Attorney's Fees and the Supplemental Attorney's Fees, in the total amount of $17,905.00.

22. The Court has heard the Parties' arguments regarding the Statement and has taken the matter under submission, with a scheduled decision to be rendered on December 30, 2025.

23. Mortenson and I reached an agreement to extend, among other dates, the discovery and dispositive motion deadline to April 15, 2026, and filed an *Amended Discovery Plan* on December 10, 2025 ("Amended Discovery Plan") [Adv. No. 76].

**Settlement**

24. I, subject to court approval, reached a settlement of the award of attorneys' fees and costs. This settlement is with respect to Mortenson only and does not apply to the Debtor, Brian Sebastian Sciara, who shall remain responsible for the award of reasonable attorney's fees and costs awarded in the Compel Order (and yet to be determined amount).

25. Pursuant to the settlement with Mortenson, Mortenson shall pay the sum of twelve thousand dollars ($12,000.00). The payment of $12,000.00 must be received by me within three (3) calendar days from the entry of an order by the Bankruptcy Court approving this Settlement Agreement. Upon receipt, I will release Mortenson from being jointly and severally liable for payment of my reasonable attorney's fees and costs incurred in making the Motion to Compel and related filings.

26. The Court has entered an award of reasonable attorneys' fees and costs. However, the amount of the award is yet to be determined. Briefing regarding the amount of the award of attorneys' fees and costs has already been filed and oral arguments have been made. In addition, Mortenson has filed the Motion to Alter. A response has been filed to the Motion to Alter and oral

180149510.1

arguments have been made. I believe that I have a very good probability of success in connection with the Motion To Alter and with a determination of the amount of the award of attorneys' fees and costs.

27.     I do not believe that the issue regarding whether Mortenson is jointly liable on the award of attorneys' fees and costs to me is complex. Further, briefing has already occurred. However, I anticipate inconvenience, additional expense, and delay involved in connection with this matter including a potential appeal of the award of attorneys' fees and the amount.

28.     I believe that collection may be difficult as Mortenson will continue to contend that the Debtor is responsible for payment of the award of attorneys' fees. Further, collection efforts will simply create additional expense for the estate and cause delay. In addition, the estate may have difficulties in timely collection if an appeal is filed. Settling avoids this.

29.     I believe the paramount interests of creditors in this case and proper deference to their reasonable views weigh in favor of approving the Settlement Agreement. In my business judgment, I believe that it is in the best interest of creditors to end the litigation and attendant uncertainty regarding Mortenson's liability for the award of attorneys' fees and the amount of my attorneys' fees in exchange for a relatively immediate payment of $12,000.  Additional litigation will simply cause delay and more expense to the estate that may not be recovered. In addition, settlement eliminates a potential appeal. I further note that an amount awarded by the Court in excess of $12,000 will remain due and payable from the Debtor, although I recognize that the Debtor has no intention of paying the award of attorneys' fees and costs against him.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 12th day of December 2025.

/s/ Shelley  D.  Krohn
Shelley D. Krohn

- 5 -

180149510.1